## Chauncey Joslin v. Matthew Millspaugh.

*Abatement: Pendency of foreclosure suit.* The pendency of a foreclosure suit in equity is not pleadable in abatement to a suit at law on the debt.

*Mortgages: Statute construed: Double remedies: Discretion.* The statute (*Comp. L.*, § 5149) which prohibits legal proceedings pending such a foreclosure, without leave of the court, leaves the question of permitting such proceedings to be determined in equity by the court where the foreclosure is pending, and not at law. That court will compel an election of remedies, or permit the double action, in its sound discretion.

*Foreclosure: Election of remedies: Discretion.* The effect of this statute is to put foreclosure suits on the same footing with other suits in equity where an election of remedies is enforced subject to discretion. The courts of equity having now power to grant a personal decree for the debt, a resort to law is needless for that purpose, and there is no reason for making the exception which formerly existed in foreclosure suits in favor of exemption from election between law and equity.

*Submitted on briefs July 17.    Decided July 22.*

Error to Wayne Circuit.

*C. Joslin*, in person, for plaintiff in error.

*Ninde & Crane*, for defendant in error.

CAMPBELL, J.

To a suit on a promissory note, defendant pleaded in abatement the pendency of a foreclosure suit upon a mortgage given to secure the note, and this plea was sustained. Error is brought upon that holding.

The statute regulating proceedings in chancery provides that after a bill of foreclosure is filed, while it is pending, and after decree, "no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court."— *Comp. L.*, § *5149*.

The prohibition being subject to the dispensation of the court of chancery, and not to that of the court in which the action at law is begun, which may be in a different jurisdiction, the question at once arises whether the pendency of the foreclosure calls for interference in equity, or is to be shown at law.   To determine this we must look at the analogies in like cases.

It has always been the practice in equity, in all but mortgage foreclosures (unless there may be some other special exception not usually noticed), to require a party who sues at law on the same cause of action, to elect, after answer, whether he will prosecute at law or in chancery. The court has also used some discretion on the subject, and has, in proper cases, allowed a double procedure under conditions.   The reason why mortgage foreclosures were not governed by this practice was that the foreclosure did not include either a possessory remedy or a personal judgment for the debt, which must therefore be sought by ejectment and personal action.   And as both of those remedies might be essential to justice, and neither interfered with the other proceedings, they were all allowed to go on at once.

But in cases where election was practically a matter of course, the pendency of another suit was not pleadable in abatement, either at law or in equity. There is no such thing known in a common-law court as a plea in abatement of a suit in equity. A party having a common-law right was allowed to proceed at common law if he chose, and could only be restrained by the court of equity acting by way of injunction or some other prohibitory measure. And in like manner the suit at law was not brought before the court of equity by pleading in abatement, but usually suggested on motion after answer, unless appearing by the pleadings. And, as already intimated, the court upon such motion required the election to be absolute or qualified, according to circumstances.

Our foreclosure proceedings provide for both possession and a personal judgment or decree. The change in practice had the effect to put mortgage cases on the same footing with other equitable causes, and to leave them subject to the same occasion for an election of remedies. The effect of this statute is to put all on the same footing. There is no more reason, therefore, for allowing a plea in abatement in foreclosure cases than in any others, and it would be anomalous to draw a distinction without some reason, unless the statute requires it.

It is not necessary to allow a plea at law in order to prevent injustice or inconvenience. As leave has to be obtained in chancery at any rate, before an action at law can be begun, it is more convenient to leave the whole matter to be regulated in the foreclosure suit by proper orders and restraints than to have it elsewhere. And we conceive the statute was not designed to introduce a new practice in the law courts, and allow a plea in abatement as to only one class of equity proceedings, when it does not authorize it in any others. The provision is found in the statute relating to foreclosures, and the natural inference is that it was merely designed to modify the old equity practice, and not to change the practice at law.

We therefore hold (without considering the formal correctness of the plea, if admissible), that the remedy should be sought in the foreclosure suit, and not by plea in abatement.

The judgment must be reversed, with costs, and the cause remanded.

The other Justices concurred.