## HORACE D. GOODRICH v. PHINEAS WHITE.

*Practice—Foreclosure—Stay of proceedings at law.*

The pendency of foreclosure proceedings in chancery is no defense upon the merits to an action at law, but as the legal action is forbidden unless the leave of the court of equity is obtained (Comp. L., § 5149) the proper way to take advantage of the pendency of the foreclosure is to move the court before going to trial, for a stay of the legal proceedings.

Leave to proceed at law while foreclosure is pending in chancery ought not to be granted *ex parte* where defendant is within reach.

Whether a complainant in foreclosure should be permitted to proceed at the same time at law is not a question for a jury.

Proceeding at law without leave while a foreclosure in chancery is pending, is an abuse of practice ; but it does not invalidate the judgment, which may be affirmed with costs without prejudice to relief below against the wrongful procedure.

Error to Lapeer.   Submitted Oct. 17.   Decided Oct. 29.

ASSUMPSIT.   Defendant brings error.

*W. W. & M. N. Stickney* for plaintiff in error.

*Geer & Williams* for defendant in error.

CAMPBELL, C. J.   Goodrich, being sued on a note payable in several installments with annual interest, upon an alleged default in payment of an installment subsequent to the first, set up in defense that a mortgage foreclosure had been commenced and carried to decree on a mortgage given to secure the note.   It appeared on the trial that this was the case, and that all the property had been sold.   The court below disregarded this defense and gave judgment against him.

The statute is very clear that no such action can be brought without leave of the court where the foreclosure was had.   Comp. L., § 5149.

The defense, however, is not an absolute want of power to sue at all, but a want of power to sue without leave. We held in *Joslin v. Millspaugh*, 27 Mich., 517, that pendency of proceedings in equity could not be pleaded in abatement at law, but that resort should be had to the court of equity to restrain the unauthorized suit. This is the case where suits are brought by receivers. *Wynne v. Lord Newborough*, 1 Ves. Jr., 164; *Anonymous*, 6 Ves., 287. The objection is not one which lies in bar of the cause of action, but only to the authority to sue without leave, which does not touch the merits.

Bringing such a suit is an abuse which the court below should have checked by a stay, if applied to for that purpose. There may be reasons not necessarily bearing on the debt as a legal obligation, which would justify the court in equity in refusing leave, which could not properly be granted *ex parte* where defendant was within reach. We are not prepared to say that judgment should not be stayed upon a sufficient showing of equities if they exist. Upon this, as it was not argued, we give no opinion. But we think the defendant below ought to have made a motion originally to stay proceedings, before going to trial. This would have compelled the plaintiff to become a moving party to get leave, inasmuch as the statute is imperative, and would have enabled the propriety of granting leave to be settled on its own merits. The question was not one for the jury.

We are therefore compelled to affirm the judgment with costs, but we shall do so without prejudice to any application which may properly be made below at law or in equity for relief against the abuse of practice.

The other Justices concurred.