McCauley, J.
The plaintiff in error, after the trial of his case in the court below and without making any defense there that the corporate existence of the defendant in error was not averred in its petition, now insists that the judgment should be reversed for want of this averment.
The averment, while it was necessary, was waived by going to trial without objection, and was supplied by the allegation in the answer that the defendant below contracted with the plaintiff in its corporate name. Smith v. Sewing Machine Co., 26 Ohio St., 562; Rev. Stats., 5064.
At common law three actions could be maintained concurrently upon a debt secured by mortgage, — an action to foreclose, a personal action on the debt and an action in ejectment to recover possession of the mortgaged property. Dunkley v. Van Buren, 3 Johns. Ch., 330; Delahey v. Clement, 3 Ill., 201; Joslyn v. Millspaugh, 27 Mich., 517; 2 Dan. Ch. Pr., 815.
The section of the Code, Revised Statutes, section 5021, which provides that in an action to foreclose a mortgage a personal judgment may be asked for, recognizes the right to unite two of these actions, a right which existed without this provision. In an action for a foreclosure and for a personal judgment, the plaintiff may have both forms of judgment at the same time.
This section of the Code does not require the two remedies to be demanded in the same action — it is only permissive ; separate actions may therefore be maintained, one to foreclose and the other for a personal judgment in the same court at the same time. If they may be maintained in the same court at the same time, and judgment in one *521 action is no defense in the other, then the same consequence follows if the different actions are in different courts. The two actions are essentially different, one exhausts the mortgage security, the other affords a personal remedy; one may be maintained without personal service and the other may not. From this fact alone both actions at the same time in different courts may be necessary to furnish a complete remedy.
It is urged by counsel for plaintiff in error that the second suit was not necessary, and therefore could not be maintained. The reason why a second action cannot be maintained for the same cause at the same time is, that it is not necessary. This, however, is where the object sought in both cases is the same. The actions here were for different purposes and different relief. In a case situated as this one was, the only way in which it could be-shown that the second suit was not necessary, would be to show that the cause of action alleged in the second suit by reason of the proceedings had in the first suit, had been satisfied, or a state of fact equivalent to a satisfaction. The pendency only of another action for the same cause was not enough. In this ease the pendency only of the suit on the mortgage security of the debt was pleaded as a defense.

Judgment affirmed.