EDMUND F. CULVER v. THE JUDGE OF THE SUPERIOR COURT OF DETROIT.

*Foreclosure—Action on residuary legatee's bond—Irregularities.*

1. The rule that proceedings at law to enforce payment of a deficiency on foreclosure cannot be taken without leave of the court in which foreclosure was had, does not apply to an action begun by leave of the probate court upon the bond of the mortgager's residuary legatee; and the omission to obtain leave also from the court in chancery is a mere irregularity that can be waived by defendants.

2. Stay of proceedings will not be compelled by mandamus for a mere irregularity in procedure.

3. *It seems* that where proceedings by foreclosure and for a deficiency thereon are ineffective, an action at law can be instituted for the debt without leave from the court in chancery.

Mandamus. Submitted May 5. Granted May 13.

*Conely, Maybury & Lucking* for relator.

*A. D. Fowler* for respondent.

SHERWOOD, J. This is an application for a mandamus to compel the respondent to vacate and set aside an order staying proceedings at law in a certain cause pending in the circuit court for the county of Wayne, wherein *Edgar O. Durfee, Judge of Probate, for the use of Edmund F. Culver v. John McKeown, William W. Abbott and Alexander D. Fowler* are the parties.

On the 1st day of February, 1875, John T. McKeown gave to the relator, payable to his order three years from date, his note for $1400, with interest at ten per cent. per annum, payable semi-annually. This note was secured by two mortgages upon real estate given by the said McKeown. After giving the note and these mortgages John T. McKeown died testate on the 18th day of October, 1875, leaving John McKeown executor of his estate, also residuary legatee under his will. Said John McKeown, as such executor and legatee, with William W. Abbott and Alexander D. Fowler his sureties, on the 18th day of October, 1875, gave his bond to the judge of probate of Wayne county in the sum of $10,000, conditioned for the faithful performance by the said John McKeown of his duties as executor, and that he should pay all the debts of the testator. On the 6th day of August, 1878, the relator having neglected to present his claim upon the note to the commission on the estate of John T. McKeown, deceased, for allowance, and having made an application to the judge of probate for a revival of the commission or for him to hear and allow the claim, the court granted the application; and on the hearing of the claim, on the 5th day of September, allowed the same at the sum of $1400, and interest thereon from the 1st day of February, 1878, at ten per cent. per annum.

On the 9th day of November, 1878, the relator filed his bill to foreclose the two mortgages against John McKeown, and

made [a party] therein one Caroline Crossman, who was a prior mortgagee as to part of the property covered by the mortgages, and obtained a decree of foreclosure for and sale of the mortgaged premises, which was sold in pursuance thereof, but not for enough to satisfy the mortgage debt; and a personal decree for the payment of the deficiency, amounting to the sum of $852.85, and interest thereon from January 2, 1880, was taken against the said John McKeown on the 29th day of April, 1882, and on the same day execution issued thereon to collect the same.

On the 8th day of March, 1880, the relator, by order of the probate court, was permitted to bring suit upon the bond given by the said John McKeown as residuary legatee, and his sureties, to recover the amount of the note secured by the said mortgages. In pursuance of the leave given under the order of the judge of probate, the relator did on the 2d day of April, 1880, bring his action against the said John McKeown and his sureties upon the said bond to recover the said deficit upon the foreclosure of the mortgages, commencing his suit by declaration.

The defendants offered and filed a plea of the general issue, and on the trial of the cause on the 12th day of January, 1882, the relator obtained a verdict for $1021.74 upon which judgment was rendered on the 19th day of April, 1882. This judgment was subsequently removed to this Court on writ of error and the judgment at the circuit reversed and a new trial granted on the 11th day of April, 1883. *Durfee v. Abbott* 50 Mich. 278. A remittitur was filed, and the relator, by order of the circuit court, dated June 23, 1884, was permitted to amend his declaration. A stay in the proceedings in the case was obtained by defendants on the 10th day of September, 1884, and at the following October term of this Court a motion for mandamus to compel the circuit judge to vacate his order granting such amendment was denied. *Abbott v. Judge Chambers* 55 Mich. 410.

On the 18th day of February, 1885, the circuit judge denied a motion to set aside relator's proceedings in the suit on the bond, based upon the fact that he had never obtained

leave from the court in which the foreclosure was had, to bring a suit at law for the deficiency. On the 13th day of March following, counsel for defendant obtained an order from the judge of the Superior Court in chancery, in the foreclosure case, staying all further proceedings on the part of the relator in his suit against the defendants upon the bond, and the further prosecution thereof. This order is based upon the grounds that the claim sought to be recovered in the suit on the bond is the same as the deficiency on the foreclosure sale, and that no leave was ever granted to relator by the Superior Court in chancery. to bring the suit at law. The mandamus now prayed for is to require Judge Chipman to vacate the order made by him in the Superior Court restraining the relator from prosecuting his suit upon the bond to judgment.

Counsel for respondent rely upon How. Stat. § 6703, to support the action taken by the judge of the Superior Court. It reads as follows : "After such bill [meaning the fore-· closure bill] shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court." This statute came to us from that adopted in the state of New York, and seems to be a copy of the same.

Before the adoption of this statute no decree for a deficiency could be rendered in a foreclosure suit. *Dunkley v. Van Buren* 3 Johns. Ch. 330. The court could only decree a sale of the mortgaged premises and the application of the proceeds to the debt secured by the mortgage. A separate suit at law upon the bond or note was necessary for the recovery of the deficiency, where one arose, and the creditor had the right to institute proceedings upon the personal security, even during the pendency of the foreclosure suit. *Jones v. Conde* 6 Johns. Ch. 77. The debtor was thus subjected to a "double litigation," and the object of the statute is said to have been in that state to abolish such oppressive proceedings and give to the court of equity power to afford complete relief in mortgage cases by

awarding a decree for the deficiency, and permitting execution to go thereon, retaining, however, power in the court to allow a suit at law to be brought in exceptional cases, the general rule being that the creditor must elect in which tribunal he will take proceedings to collect his claim. *Engle v. Underhill* 3 Edw. Ch. 250; *Suydam v. Bartle* 9 Paige 294; *Insurance Soc. v. Stevens* 63 N. Y. 341; *Scofield v. Doscher* 72 N. Y. 491.

It seems to be very well settled also in New York that no proceeding can be taken at law upon the personal security, to enforce payment of the deficiency, without leave of the court in which the foreclosure was had; and this seems to be the tenor of the decisions in this State, so far as the question has come under review in this Court. *Glover v. Tuck* 24 Wend. 153; *Porter v. Kingsbury* 5 Hun 597; and cases above cited. Also *Joslin v. Millspaugh* 27 Mich. 517; *Innes v. Stewart* 36 Mich. 286; *De Mill v. Port Huron Dry-dock Co.* 30 Mich. 38. This rule, however, properly applies only to remedies upon the personal securities given with the mortgage, or which are intended to be secured by it, and only to parties to such instrument or instruments, and to those who are liable thereon or properly made parties to the chancery proceeding in the foreclosure suit. It is not claimed that the defendants in the suit upon the residuary legatee's bond are liable to the complainant in the chancery case by reason of any contract relation between him and the defendants contained in the note or mortgage. Neither could the deficiency be enforced against them in consequence of the contract contained in the note and mortgage. And leave is only necessary to be obtained from the equity court to prosecute at law for the deficiency upon the liability of the parties incurred upon the contract contained in the note and mortgage. Defendants Abbott and Fowler, in the suit at law, and who are upon McKeown's bond, were not parties in the foreclosure suit; and, if they might have been properly made parties (upon which question we express no opinion), they were not necessarily so. Neither could they be sued

upon the bond at the instance of a creditor without the order of the judge of probate. How. Stat. § 5996.

The bond is a statutory one; the statute authorizing it provides the method for its enforcement, and in such case it is usually exclusive of all others. This would seem to render the exclusive direction claimed for its enforcement in the equity court untenable. How. Stat. § 5836; *Hatheway v. Sackett* 32 Mich. 102. In those cases where leave of the equity court to bring suit at law is required, such leave can seldom be held jurisdictional. It is usually a question of practice, and does not involve the merits. The right to bring suit on the claim, whether it be for the amount of the note, or for the deficiency on the mortgage foreclosure, exists at common law, and the object of the suspension of the right by the equity court is, not to limit the remedy, but to avoid unnecessary litigation and oppression, and when suit at law is brought without an order granting leave, it is usually no more than an irregularity; and when nothing of substance is to be gained by restraining the proceeding in the law court, it is difficult to see upon what ground a stay of proceedings can be properly justified. *Goodrich v. White* 39 Mich. 490; *Innes v. Stewart* 36 Mich. 285.

In this case it appears that the decree in the equity court had been taken for the deficiency, and execution issued thereon, and the relator failed to make his money on the deficiency in such proceeding. If this were a case in which the statute invoked was properly applicable, its efficacy appears to have been exhausted, and no reason is apparent for the chancery court retaining the further management and direction of the claim; but I do not think the record presents a case requiring leave to be obtained of the equity court before the relator could bring his suit at law. If it were such a case, however, and the failure being an irregularity only, it might be very properly held that the action taken by respondents in the premises was a waiver of the irregularities. High on Receivers, § 261; *Hubbell v. Dana* 9 How. Pr. 424; *Lane v. Salter* 4 Rob. 239.

It is unnecessary to consider further the points made by

counsel on either side.    We do not think the order staying proceedings, made in the Superior Court, ought to be sustained, and a

Mandamus in accordance with the prayer of relators must be granted.

The other Justices concurred.