## STEELE *v.* KENT CIRCUIT JUDGE.

1. MORTGAGE—FORECLOSURE—PARTIES.

   An indorser on a note secured by a mortgage may be made a party to a bill to foreclose, under 2 How. Stat. § 6704, providing that, if a mortgage debt be secured by the obligation of any person besides the mortgagor, such person may be made a party to the bill, but the provision of the statute is not mandatory.

2. SAME—SUSPENSION OF RIGHT TO SUE AT LAW.

   The purpose of the statute (2 How. Stat. § 6703) in suspending the right, during the pendency of foreclosure pro-

ceedings, to bring an action at law, unless authorized by the court, to recover the debt secured by the mortgage, is not to limit the remedy of the creditor, but to avoid unnecessary litigation; and, when a suit is brought without leave in a court of law, the proceedings therein will not be restrained unless substantial rights are affected.

3. Same—Deficiency—Leave to Sue—When Granted.

Leave is properly granted to a creditor to bring an action at law against one of two indorsers upon a note secured by a mortgage, for a deficiency remaining after the foreclosure of the same, although no execution has issued for such deficiency where the maker of the note and the other indorser, who were alone made parties to the foreclosure proceedings, are shown to be insolvent. *Shields* v. *Riopelle*, 63 Mich. 458, distinguished.

4. Trial—Parties—Discontinuance.

In an action against several defendants who were severally liable, an order of discontinuance as to one of them not served, entered upon the common-rule book, though inadvertently not signed by the attorney at the time of the entry, is nevertheless valid, and operates to discontinue the action as to such defendant.

5. Mortgage—Foreclosure—Leave to Sue for Deficiency—Extent of Authority Conferred.

An order granting permission to sue at law for the deficiency arising upon the foreclosure of a mortgage has not expended its force, so as to preclude an action in another county, when suit is brought in one county and is afterwards discontinued, if there is in the order itself no limitation upon the right granted.

6. Same—Entry Nunc pro Tunc—Statute of Limitations.

An order granting such right, entered *nunc pro tunc*, is not objectionable, in that it deprives defendant of the right to plead the statute of limitations, when it appears that the suit was in fact commenced in time.

*Mandamus* by William Steele to compel William E. Grove, circuit judge of Kent county, to set aside an order, entered April 11, 1896, as of February 27, 1895, granting leave to the First National Bank of Traverse City to bring a suit at law upon a mortgage note during the pendency of foreclosure proceedings. Submitted May 5, 1896. Writ denied June 30, 1896.

*Vernon H. Smith*, for relator.

*G. A. Wolf*, for respondent.

LONG, C. J.     June 12, 1889, the William Steele Packing & Provision Company made its note for $3,000 to the First National Bank of Traverse City, and the same was indorsed by William Dunham and William Steele.     This note was subsequently renewed, and on August 28, 1889, the packing and provision company made a mortgage to secure it and renewals of the same.     The mortgage ran to William Dunham as trustee for the Traverse City Bank and others.     In 1892, Dunham, as trustee, filed his bill to foreclose the mortgage in the Kent circuit court in chancery, making all the beneficiaries parties, and a decree was entered therein September 22, 1893.     The case was appealed to this court, and the decree modified and affirmed.     100 Mich. 75.     Afterwards, a commissioner of Kent county sold the land under the decree, and reported a deficiency.     The sale was confirmed, and no execution was ever asked for or obtained to collect the deficiency. The commissioner's report of sale bears date July 5, 1894.

February 27, 1895, the Traverse City Bank began a suit at law in the Kent circuit court on the same note against the packing and provision company, Dunham, and Steele.     Before bringing this suit, the bank presented to the Kent circuit court in chancery a petition asking leave to withdraw the note from the files for the purpose of bringing action thereon, and on February 27, 1895, respondent, as circuit judge, granted such leave. Afterwards, and on March 28, 1895, the bank, by its attorney, entered an order of discontinuance of said cause as to Steele in the common-rule book of said court, though the attorney for the bank, Mr. Wolf, failed to sign his name to such order of discontinuance.     Treating this as an order of discontinuance of the suit, on October 14, 1895, the bank began a suit at law upon the same note in the circuit court for Ionia county by declaration, and a plea was filed in the cause.

It appears that Steele was not made a party defendant in the foreclosure proceedings; that, on some of the notes secured by said mortgage, Dunham and Steele were indorsers, and were. indorsers upon the note in question; that, on other notes secured by the mortgage, Dunham was indorser alone, and on other notes Steele was indorser alone, while on one note there was no indorser. It also appears that, while the suit at law in the Kent circuit upon this note was brought against the packing and provision company and Dunham and Steele, yet no service was made upon Steele of any process in that case, and, according to Steele's affidavit, he never had knowledge that such suit had been brought.

On February 14, 1896, a motion was entered by the attorney of Mr. Steele in the suit at law in the Ionia circuit to stay proceedings because no sufficient leave to bring the suit had been obtained. On March 24, 1896, the respondent, sitting as circuit judge in that circuit, made an order staying the suit at law in the Ionia circuit until leave was obtained from the chancery court of Kent county. That order recites that—

"The defendant having moved the court that all proceedings herein be stayed, and that the said cause be dismissed, for the reason that a suit in equity had been begun and was still pending in the circuit court for Kent county, in chancery, to foreclose a mortgage given by the W. Steele Packing & Provision Company to secure the same debt for which this suit is brought to recover, and that defendant be permitted to file an affidavit of merits in said cause; and it appearing to the court that no sufficient leave was ever obtained of the circuit court for Kent county, in chancery, to bring this suit, or any suit at law on the note sued upon in this cause; and it also appearing that a decree was rendered in said chancery cause in the circuit court for Kent county, in chancery, and a sale had of the mortgaged premises described in the mortgage given to secure the same debt sued for in this cause, and a report made by the circuit court commissioner who made the sale showing a deficiency in said cause, all of which occurred before this suit was begun; and, further, that no execution was ever issued in said

chancery cause, and no application ever made therein for an execution,—it is therefore ordered:

"(1) That defendant be permitted to file an affidavit of merits in said cause, and that the affidavit now filed in said cause, in the motion on which this order is made, stand as the affidavit of merits in said cause on behalf of said defendant.

"(2) It is further ordered by the court that this cause be, and the same is hereby, stayed, and all proceedings therein are stayed, until leave is obtained from the circuit court for Kent county, in chancery, to bring suit on the note, a copy of which is indorsed on the declaration in this cause, and until the further order of this court."

After the making of this order, the bank presented a petition to the circuit court of Kent county, in chancery, for leave to sue at law on this note, and praying that the former order granting leave might be amended *nunc pro tunc*, permitting the suit at law in the Ionia circuit court to proceed. An order to show cause was issued, and Steele, in answer thereto, filed affidavits showing the condition of the chancery cause, and the condition of the suit in the Kent circuit court, when the suit at law was begun in Ionia county. On April 11, 1896, the respondent made an order granting leave to the bank to sue at law on said note against Steele, and ordered that such order should take effect as of February 27, 1895, being the date when the first order was made to withdraw the note from the files, and being a date prior to the commencement of the suit in the Ionia circuit.

The relator now asks a *mandamus* from this court to compel the respondent to set aside the order granting leave to sue upon the note, and claims:

1. That, in the condition of the chancery cause after the sale and report by the commissioner, no order properly could be made granting leave to sue at law until execution had been issued and returned unsatisfied by that court.

2. That the order made February 27, 1895, is of no force, and was not amendable.

3. That the suit at law then pending in the Kent circuit court could not be discontinued, because (*a*) the order

of discontinuance was not signed by the attorney, and (b) no discontinuance could be entered against Steele, there being other parties to the suit.

4. That if the order made February 27, 1895, ever gave·permission to sue at law, its force was expended when suit was brought in Kent county, and it did not give authority to sue in Ionia county.

5. That the suit at law in Kent county is still pending for the same debt against Steele, and the chancery cause is still pending against the other parties, and no execution ever issued in the chancery cause.

6. That this order cannot be antedated, and deprive Steele of the right to interpose the defense of the statute of limitations.

In response to an order to show cause, the respondent substantially admits all the questions of fact stated.  He returns, however, that the sale of the mortgaged premises was open and fair, and that they brought their cash value at the time of said sale, and no cause was shown why plaintiff could not recover for any deficiency that might exist in its-favor.  The court further returns that, in the suit at law in the Kent circuit court, service was made upon the company and upon Mr. Dunham, but no service could be obtained upon Mr. Steele; that he resided in Ionia county, and was out of the jurisdiction of the court; that no objection was made by said company and Dunham to the right of plaintiff to bring the suit, and the action proceeded to judgment against them.  The court further returns that the order was entered in the common-rule book, discontinuing that suit as against Steele; that while plaintiff's attorney neglected to sign his name to the order of discontinuance at the time, yet he wrote his name in the body of the order at the time he entered it, and has since signed the same, and that, after the entry of the order, the action was treated as dismissed as to said Steele; that his name does not appear in the title of the judgment entry, nor in the subsequent proceedings, and the court never obtained jurisdiction in the action as to him; that the parties were severally liable on the note,

and the action could be dismissed as to any defendant; that execution was issued and returned unsatisfied, in the law case in the Kent circuit court against the company and Dunham, before the action was begun in the Ionia circuit, and before the order *nunc pro tunc* was made; that the records show, in the chancery case, as well as from the petition of the plaintiff for the order *nunc pro tunc* and the affidavits filed in support thereof, that the packing and provision company and Dunham are and have been insolvent for years.

The court also returns that the action sought to be stayed or dismissed by this application for *mandamus* was begun before the statute of limitations had run, and, as the question of leave to sue, if necessary at all, is not jurisdictional, the fact that the statute had run before the defendant made this motion to stay the proceedings is no equitable ground for refusing the order to permit the action on the note to proceed; that the action against the relator in the Ionia circuit was begun October 14, 1895, and on November 9, 1895, relator pleaded the general issue; that on December 10, 1895, notice of the trial and inquest was served on relator's attorney, and on February 14, 1896, after the case was on the trial calendar, the relator made a motion to stay proceedings.

We will discuss the questions raised by counsel for relator in the order in which they are stated.

1. The relator was not a party to the foreclosure suit. It is true that he might have been made a party under the provisions of section 6704, 2 How. Stat., so that an execution for deficiency might have been issued against him, as well as the mortgagor, for any balance of the debt remaining unsatisfied after a sale of the mortgaged premises.    This section of the statute does not make it mandatory upon the complainant to make one who is a mere indorser upon the note a party defendant in the mortgage foreclosure.    The statute is simply permissive.    Under the original equity jurisdiction, there was no power to take personal decree against even the mortgagor him-

self; but this is a statutory innovation, as is also the enforcement in the foreclosure suit of the collateral obligations of third persons, and the jurisdiction by the statute over this latter class of persons is permissive only, and not obligatory. *Johnson* v. *Shepard*, 35 Mich. 115. It is true that, upon foreclosure, where one is not primarily liable upon the mortgage debt, no personal liability can be enforced against him until the land is sold and the deficiency reported. *Howe* v. *Lemon*, 37 Mich. 164. Section 6703, 2 How. Stat., provides that—

"After such bill shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court."

It appears in the present case, by the return of the circuit judge, that the packing and provision company was, and had been for many years, insolvent. No execution issued against it out of the chancery court would avail the plaintiff in collecting its judgment for deficiency. Leave was asked of the court to bring suit upon this note against Steele, and upon which he was the indorser. The right to bring action on the claim, whether for the amount of the note or for the deficiency on the mortgage foreclosure, exists at common law, and the object of the suspension of the right by the equity court is, not to limit the remedy, but to avoid unnecessary litigation and oppression; and when the suit at law is brought without an order granting leave, it is usually no more than a mere irregularity; and when nothing of substance is to be gained by restraining the proceedings in the law court, it will not be granted. As was said in *Culver* v. *Judge of Superior Court*, 57 Mich. 30: "It is difficult to see upon what ground a stay of proceedings can be properly justified,"—citing *Goodrich* v. *White*, 39 Mich. 490; *Innes* v. *Stewart*, 36 Mich. 285. We are satisfied, under the circumstances here shown, that the court did not exceed its jurisdic-

tion in refusing to stay the proceedings under the reasons set out by the relator in his first contention.

Counsel for relator relies upon the case of *Shields* v. *Riopelle*, 63 Mich. 458. In that case an application was made to the chancery court for leave to issue execution for a deficiency after the sale of the real estate upon the decree. The motion was denied, and the court granted an order for leave to the plaintiff to bring suit at law upon the note to recover the deficiency after such mortgage sale; and Mr. Justice SHERWOOD, in writing the opinion, laid down the rule that the legislature did not intend, by sections 6702 and 6703, 2 How. Stat., to leave it to the discretion of the equity court to authorize an action to be brought, after the sale of the mortgaged premises, for a deficiency, until execution had been issued therefor under the order of the chancery court, and returned unsatisfied in whole or in part. In that case the mortgagor executing the note was a party defendant to the foreclosure proceedings, and execution could have been issued against him for the deficiency from the chancery court. In the present case, Mr. Steele, the surety on the note, was not made a party defendant to the chancery suit, and the maker and the other surety on the note were wholly insolvent, so that an execution issued against them from the chancery court would have been of no avail; and we are satisfied that, under such circumstances, the court properly granted leave to sue the relator at law.

2. The court below found that the suit at law commenced in the Kent circuit court had been discontinued as to Mr. Steele, and, we think, properly. The note was made by the packing and provision company, and indorsed by Dunham and Steele; and the plaintiff could, under section 7347, 2 How. Stat., proceed to judgment against some one or more of the defendants.

3. The contention that the order of February 27, 1895, giving permission to sue at law, had expended its force when suit was brought in the Kent circuit court, we

think, cannot be sustained. There was no limitation in the order upon the right to bring suit.

4. The last contention is that the supplemental order, dated April 11, 1896, deprived the relator of the right to plead the statute of limitations, and therefore cut off a substantial right, and for that reason the court was in error in granting it. It will be noticed that the note in controversy was dated November 15, 1889, due 90 days from its date. The action upon the note against the relator was commenced in the Ionia circuit court October 14, 1895, which was some four months prior to the time when the statute of limitations would have barred action upon it. We think the court was not in error in granting leave, on April 11, 1896, to bring suit on the note, if such order had been necessary. The bringing of the suit at law without the order first made was a mere irregularity. *Culver* v. *Judge of Superior Court*, 57 Mich. 30, and cases there cited. An order had been made, February 27, 1895, authorizing the bringing of a suit at law upon the note. At that time the statute of limitations had not run against the note, and the suit was commenced in October following, which was before the note was barred by the statute.

The writ of *mandamus* must be denied.

The other Justices concurred.