## JOSEPH GARNEAU V. BURNEY J. KENDALL.

FILED FEBRUARY 20, 1901. No. 11,733.

1. **Res Adjudicata:** PETITION: EVIDENCE. Where it has been held on an error proceeding in this court that a petition states a good cause of action, evidence sustaining the allegations of such petition is sufficient to support a verdict and judgment in favor of the plaintiffs in the action.

2. **Assumption of Incumbrance:** CONSIDERATION. Where, in a con- veyance of real estate, the grantee accepting the same cove- nants to pay an incumbrance on the land conveyed in the fol- lowing words contained in the deed, "Subject to incumbrances amounting to fourteen thousand four hundred (14,400) dol- lars, which the said Joseph Garneau, Junior, [the grantee] hereby assumes and agrees to pay, and the interest on same from Dec. 11, 1890," *held*, that such an agreement is founded on a valid consideration, binding on the grantee, and will support an action for the recovery of the debt thereby assumed.

3. **Action at Law:** PENDENCY: CONCURRENT EQUITABLE PROCEEDING: ABATEMENT. During the pendency of the action at law for the recovery of a debt secured by mortgage the plaintiff began an action in equity in the federal court to enforce his lien as against the mortgaged property, obtaining at the same time in the federal court leave or authority under the provisions of section 848 of the Code, as existing prior to its amendment in

1897, to prosecute his action at law. *Held,* That the pendency of the equity action did not work an abatement of the suit at law.

4. **Enforcement of Section 848: LAW COURTS: EQUITY COURTS.** The enforcement of the provisions of the section of the statute referred to belongs to a court of equity, and they are not intended to change or affect the jurisdiction and practice in a court at law.

ERROR from the district court for Douglas county. Tried below before SLABAUGH, J. *Affirmed.*

*Joel W. West,* for plaintiff in error.

*O. C. Redick* and *Albert Swartzlander, contra.*

HOLCOMB, J.

An action at law was instituted to recover from a grantee of real estate on a covenant in the deed of conveyance as follows: "Subject to incumbrances amounting to fourteen thousand four hundred (\$14,400.00) dollars, which the said Joseph Garneau, Junior, [the grantee] hereby assumes and agrees to pay, and the interest on same from Dec. 11, 1890." A general demurrer to the petition was interposed and by the trial court sustained. From such ruling an error proceeding was prosecuted in this court, resulting in the reversal of the ruling of the trial court on the demurrer. *Kendall v. Garneau,* 55 Nebr., 403. Upon the case being remanded an answer was filed to the petition and, after reply, a trial was had, the evidence of the plaintiff as to the defendant's liability resting on the deed of conveyance accepted by him as grantee, with proof of the amount due on the indebtedness assumed by the terms of the deed. The defendant introduced no evidence, and on a peremptory instruction the jury returned a verdict for the plaintiff.

It is argued that the evidence is insufficient to support the verdict and judgment. Counsel contends that the language in the deed heretofore quoted, which in connection with the deed in its entirety constituted the evi-

Garneau v. Kendall.

dence by which the defendant was sought to be charged, fails to show a valid consideration for the liability assumed by the grantee. It was determined in the former opinion that the petition pleading the liability of the defendant on the covenant in the deed by which he assumed and agreed to pay the mortgage debt stated a good cause of action, and the evidence fully supporting this allegation of the petition, it would seem the former decision is decisive of the question and should be held to be the law of the case, and we are inclined to so regard it.

The demurrer was general and raised all questions going to the sufficiency of the petition. While the question primarily considered and argued was with regard to its relation to the statute of frauds and the operation of that statute on the agreements of the parties, yet in the disposition of the case was involved of necessity the liability of the grantee under the allegations of the petition, and the conclusion reached was in effect an adjudication that a cause of action was stated. Construing the instrument as a whole, and giving to the language used its ordinary and natural meaning, and thereby giving expression to the true intent of the parties, it should, we think, be held that, in consideration of the conveyance of the real estate described therein to the grantee, he was to pay the amount expressed, the receipt of which was acknowledged; and that he also assumed and agreed to pay the indebtedness spoken of in the covenant quoted. This construction, if proper, shows upon what consideration the assumption of the indebtedness was based, and having been properly pleaded and proved, answers all requirements as to the evidence showing a valid consideration and being sufficient to support the verdict. It has been the uniform holding of this court that an agreement founded on such a consideration will bind the grantee and support an action for the recovery of a debt thereby assumed. *Cooper v. Foss*, 15 Nebr., 515; *Rockwell v. Blair Savings Bank*, 31 Nebr., 128. In *Crawford v. Ed-*

*wards*, 33 Mich., 354, 359, a case involving the same question, it is said by the supreme court of that state: "The acceptance of such a deed binds the grantee as effectually as though the deed had been *inter partes*, and had been executed by both grantor and grantee," citing *Trotter v. Hughes*, 2 Kernan [N. Y. Ct. of App.], 78. The assumption clause is a part of the contract of the parties, and is binding on the grantee by the acceptance of the deed of conveyance. He is a party to the transaction, and the consideration entering into and forming a basis for the mutual covenants and obligations of the parties is sufficient support for the covenant of the grantee whereby he assumed the indebtedness by which the property transferred was incumbered.

During the pendency of the present action at law the plaintiff filed a bill of foreclosure in the federal court to enforce the lien on real estate securing the same debt for the recovery of which the action at law was being prosecuted. Leave to prosecute the law action was applied for and obtained at the time the equity proceedings were begun. The equity action was one *in rem*. It is now urged that by reason of the proceedings taken and had in the equity case the action at law was abated, and that error was committed in not sustaining defendant's plea in abatement for the reasons mentioned. Section 848 of the Code, as existing before the amendment of 1897, if applicable at all, was in force at the time the different actions were begun, and by its provisions the plaintiff was empowered to prosecute an action at law as a concurrent remedy with an action in equity for the foreclosure of a mortgage, when authorized by the court in the equity action, as was done in the present instance. The enforcement of the provisions of the statute to which reference has been made, and on which the defendant relies, properly belongs to the equity court, and they are not intended to change or affect the jurisdiction and practice in a court of law. "There is," says Campbell, J., in *Joslin v. Millspaugh*, 27 Mich., 517, in speaking on the

same subject under a similar statute, "no such thing known in a common-law court as a plea in abatement of a suit in equity"; and further, "and we conceive the statute was not designed to introduce a new practice in the law courts and allow a plea in abatement as to only one class of equity proceedings, when it does not authorize it in any others. The provision is found in the statute relating to foreclosures, and the natural inference is that it was merely designed to modify the old equity practice, and not to change the practice at law." Of like import is *Goodrich v. White*, 39 Mich., 489. Aside from these considerations, the action at law was properly begun and pending in a court of competent jurisdiction. The equity action was begun in the federal court, the jurisdiction of which is foreign to that of the state courts, and in which the concurrent remedies were allowed. The proceeding was *in rem*, and sought only to enforce the lien against the property mortgaged. The equity action, under such circumstances, could not be made available under a plea in abatement to defeat the law action in a state court.

The judgment of the district court should be, and is,

AFFIRMED.