[No. 22482. Department Two. October 29, 1930.]

STATE BANK OF GOLDENDALE, *Respondent*, v. BERTRIE SMITH *et al.*, *Appellants*, PERCY SMITH *et al.*, *Defendants.*[1]

*A. H. Switzer, Ward & Garver, Teal, Winfree, Mc-Culloch & Shuler,* and *Alfred P. Kelley,* for appellants.

*John R. McEwen* and *Estes Snedecor,* for respondent.

HOLCOMB, J.—This is an appeal from a decree of foreclosure of a mortgage on real estate situate in Klickitat county. The mortgage bears date October 20, 1925, and was given by A. J. Smith and Isadora Smith, his wife, Percy Smith and Myrtle E. Smith, his wife, to respondent to secure the payment of $20,000, with specified interest thereon according to the terms and conditions of three certain promissory notes bear-

[1]Reported in 292 Pac. 419.

ing the same date, made by A. J. Smith, Isadora Smith, Percy Smith and Myrtle E. Smith, payable to the order of respondent in the respective sums of $3,000, $6,000, and $11,000.

Since the hearing in this court, by stipulations and orders, all appeals have been dismissed except that of Isadora Smith, wife of A. J. Smith; this appeal pending now only as to her.

On February 25, 1926, A. J. Smith and Isadora Smith, his wife, and Percy Smith and Myrtle E. Smith, his wife, sold and conveyed the mortgaged property to Bertrie Smith, as and for community property of himself and his wife, Sarah L. Smith. At the time of the commencement of this action and of trial below, Bertrie Smith and his wife were the owners of the mortgaged property. On March 20, 1926, in order to make the indebtedness the primary personal obligation of Bertrie Smith and the community composed of himself and wife, Bertrie Smith executed and delivered to respondent his promissory notes bearing date March 20, 1926, payable seven months after date to the order of respondent, in the sums of $3,000, $6,000 and $11,000, respectively. These notes were indorsed by A. J. Smith, Isadora Smith, Percy Smith and Myrtle E. Smith, but were not given, the court found upon sufficient evidence, in payment of the notes secured by the mortgage in suit. Amounts aggregating $5,600 were subsequently paid on the $6,000 note, and interest was paid on all of the notes to May 3, 1927.

On March 2, 1929, respondent filed a suit at law in the court below against all the Smiths, alleging execution and delivery by A. J. Smith and Isadora Smith, his wife, Percy Smith and Myrtle E. Smith, his wife, on October 20, 1925, to respondent, of their promissory note for $11,000, due one year after date, with interest, and that on March 20, 1926, the makers of

that note and defendant Bertrie Smith, acting for and on behalf of himself and the community of himself and wife, desiring to make that community liable to that obligation, on that day made, executed, and delivered the promissory note of Bertrie Smith to respondent in the sum of $11,000, due seven months after date thereof with interest, which note was thereupon indorsed by A. J. Smith and Isadora Smith, his wife, Percy Smith and Myrtle E. Smith, his wife, both of which notes were retained by respondent, representing the same obligation of $11,000 from all of the parties to respondent. In that action, plaintiff prayed judgment against all of the Smiths for $11,000, stipulated interest, attorney's fees and costs.

At the same time (on March 2, 1929), respondent filed suit in the court below to foreclose its mortgage against A. J. Smith, Isadora Smith, Percy Smith and Myrtle E. Smith, the makers of the mortgage, for the amount of the $3,000 note, a balance of $400 due and unpaid on the $6,000 note and stipulated interest at eight per cent from the time to which the last interest had been paid, these notes being two of the notes dated October 20, 1925, made by A. J., Isadora, Percy and Myrtle E. Smith, as described in the mortgage. Although filed simultaneously in the court below, the action at law on the $11,000 note was designated by the clerk as case No. 4788, and the suit to foreclose the mortgage was designated as case No. 4789.

Prior to the trial of the foreclosure suit, a motion was made by defendants, supported by affidavit, to dismiss the foreclosure action, for the reason that the law action on the $11,000 note was pending, which motion was denied. Defendants then, by leave of court, filed an amended answer alleging the pendency of the law action for $11,000, and that it was a part of the $20,000 mortgage debt, which was set up in the nature

of a plea in abatement to the foreclosure action. Respondent, by reply, denied those allegations.

At the time of the trial of this action, the suit on the $11,000 note was pending, but the court found that it was for a different and separate indebtedness, and that there was due and owing from defendants Bertrie Smith, A. J. Smith, Isadora Smith, Percy Smith and Myrtle E. Smith, and the communities of each of them, to respondent, the amount of the $3,000 note, with interest at eight per cent per annum from May 3, 1927, and the sum of $400 with interest at eight per cent per annum from May 3, 1927, on the $6,000 note; that $400 was a reasonable sum to be allowed as attorney's fees, and concluded that plaintiff was entitled to foreclose its mortgage in the manner provided by law and to sell the property; and in case the property should not sell for sufficient to pay such judgment, interest, attorney's fees, costs and costs of sale, that deficiency judgment be entered against all of them for any part of the judgment remaining unpaid after proper application of the proceeds of sale. The decree entered was in accordance therewith.

Appellant contends that the court erred in not dismissing the foreclosure of respondent and in entering judgment in its favor, under the provisions of Rem. Comp. Stat., § 1125. That statute reads:

"The plaintiff shall not proceed to foreclose his mortgage while he is prosecuting any other action for the same debt or matter which is secured by the mortgage, or while he is seeking to obtain execution of any judgment in such other action; nor shall he prosecute any other action for the same matter while he is foreclosing his mortgage or prosecuting a judgment of foreclosure."

Appellant first asserts that the purpose of this statute, as stated in *Gray v. Davison,* 78 Wash. 482, 139 Pac. 219, was for the purpose of preventing oppres-

sion and vexation by a multiplicity of suits which could be resorted to prior to the enactment of the statute. The statute was first enacted by the territorial legislature in 1854 as a part of the general mortgage foreclosure statute.

Appellant contends that the statute, being remedial, should be liberally construed for the benefit of mortgage debtors, while respondent contends to the contrary, and cites *Hayes v. Miller,* 1 Wash. Terr. 143, to the effect that it is in derogation of common law rights and is to be strictly construed. We have no case of our own passing upon the exact question involved herein. Appellant cites *Hanna v. Kasson,* 26 Wash. 568, 67 Pac. 271, holding that a mortgagee might allow his mortgage security to rest and prosecute an action at law on the mortgage debt without losing the security of his mortgage or any portion that remained unsatisfied in the law action; and *Hinchman v. Anderson,* 32 Wash. 198, 72 Pac. 1018, to the effect that the mortgagee is entitled to a deficiency judgment in the foreclosure proceedings.

Neither of these cases apply here, for the reason that respondent is not suing for the entire debt secured by the mortgage, and has not recovered a judgment for any deficiency up to the amount of $20,000. On the contrary, the only deficiency judgment recovered in this action is upon the $3,400 on two of the notes, together with attorney's fees and costs. Appellant also cites *Meehan v. First Nat. Bank of Fairfield,* 44 Neb. 213, 62 N. E. 490, to the same effect as our *Hinchman* case, *supra,* except that in Nebraska it was necessary for the mortgage creditor, under a statute then in force, to procure leave of the court before resorting to an action at law to secure a deficiency personal judgment. To the same effect is *Mann v. Burkland,* 68 Neb. 269, 94 N. W. 116, and, upon a similar statutory

provision, *Steele v. Grove,* 109 Mich. 647, 67 N. W. 963.

In the present case, we agree with respondent that the $11,000 note sued on in the law action was a separate instrument of indebtedness and is not the same debt or matter secured by the mortgage foreclosed in this action, so as to bring it within the provisions of § 1125, *supra.*

We further agree with respondent that, by the election of remedies upon its part, the $11,000 note, even if considered as evidence of part of the mortgage indebtedness, to foreclose its mortgage for the balance remaining due upon the $3,000 and $6,000 notes, effectively bars any further remedy under the mortgage for any further part of the $20,000 indebtedness. The general rule is that a decree in a foreclosure action is a bar to a second action for foreclosure upon the same mortgage. *Tacoma Savings Bank & Trust Co. v. Safety Investment Co.,* 123 Wash. 481, 212 Pac. 726; 19 R. C. L., § 374.

We conclude that the judgment of the lower court was correct and should be affirmed.

It is so ordered.

MITCHELL, C. J., FULLERTON, and MAIN, JJ., concur.