## OSBORNE & Co. *v.* BARGE and others.

*(Circuit Court, N. D. Iowa, C. D.   May 3, 1887.)*

1. FEDERAL CIRCUIT COURT—JURISDICTION—CROSS-BILL—FORECLOSURE.

    Where a circuit court of the United States has jurisdiction of a suit to foreclose a chattel mortgage, it may entertain a cross-bill in such suit, filed by a party who intervenes, and claims to be the owner of a part of the property, although such party, by reason of his citizenship, being the same as that of defendant, could not have originated the suit.

2. EQUITY—JURISDICTION—INTERVENTION—ANCILLARY SUIT.

    Where a suit to foreclose a chattel mortgage is properly cognizable in a court of equity, a party who claims to be the owner of the property mortgaged may intervene in the suit, although he would have a remedy by action at law, and in such case the court will have jurisdiction of the proceeding in his behalf as ancillary to the original suit.

3. SAME—CROSS-BILL.

    In such a case the party claiming the property need not have put his claim into judgment before filing his cross-bill, as he already has such an interest in the property as will enable him to question the validity of the mortgage.

4. SAME—INTERVENTION—LEAVE OF COURT.

    Where, in a suit in equity in a United States circuit court to foreclose a chattel mortgage, an assignee of the mortgagor for the benefit of his creditors files a cross-bill averring that the mortgage is a fraud on creditors, the court may entertain the proceeding, although he did not obtain leave of court to file his bill.

5. SAME—CROSS-BILL—JUDGMENT

    Where parties having claims against the mortgagor file a cross-bill in a suit to foreclose a chattel mortgage, and in their bill fail to show that their claims have been reduced to judgment, except the claim of one of them, and set up an assignment for the benefit of the mortgagor's creditors, and aver that the mortgage is fraudulent as to creditors, a demurrer to the cross-bill will be sustained as to the parties who have not obtained a lien on the property by action at law.

In Equity.

Bill to foreclose mortgage.   Demurrers to cross-bill.

*Martin & Wambaugh* and *Wright & Farrell*, for complainant.

*W. J. Covil* and *Kamrar & Boyer*, for defendants.

SHIRAS, J.   The bill in this cause was filed for the purpose of foreclosing a mortgage alleged to have been executed by the firm of Barge & King to secure an indebtedness due to complainant, a corporation created under the laws of the state of New York.   All of the defendants named in the bill were and are citizens of the state of Iowa, and the amount involved exceeded $2,500, so that the jurisdiction of this court of the cause presented by the bill is unquestioned.   On the fifth day of February, 1887, the Thomas Harrow Company, a corporation created under the laws of the state of New York, filed its cross-bill, having previously been permitted to become a party to the suit, and in such cross-bill it averred that certain portions of the property claimed to be subject to the lien of the chattel mortgage in favor of complainant was in fact the property of said Thomas Harrow Company, having been placed in the possession of Barge & King under a written agreement, by the terms

of which the title remained in said Thomas Harrow Company until payment therefor had been made. To this cross-bill the complainant demurred, the first ground being that, as it appears upon the face of the record that the Thomas Harrow Company and D. M. Osborne & Co., the complainant and defendant in the cross-bill, are alike New York corporations, this court has not jurisdiction of the cross-bill.

As already stated, the jurisdiction of the cause of action presented by the original bill, and of the parties thereto, cannot be and is not questioned. . Having acquired full and complete jurisdiction of the original cause, and the parties thereto, the court cannot be deprived thereof because another party obtains leave to intervene for the assertion of a right to the property which is the subject of the proceeding. If it be necessary for the protection of the rights of a third party that he be heard in the cause pending, he may be permitted to intervene, even though the court would not have, by reason of his being a citizen of the same state with complainant, jurisdiction over an original proceeding between the same parties. *Freeman* v. *Howe*, 24 How. 450; *Krippendorf* v. *Hyde*, 110 U. S. 276, 4 Sup. Ct. Rep. 27; *Phelps* v. *Oaks*, 117 U. S. 236, 6 Sup. Ct. Rep. 714.

The second ground of demurrer is that the party has a plain and adequate remedy at law, and therefore a court of equity has not jurisdiction. This principle is not applicable to a case of this kind. The original cause, i. e., the bill to foreclose the mortgage, is properly cognizable in a court of equity. This court, having jurisdiction of the foreclosure proceedings, has also jurisdiction to entertain the application of the harrow company, even though it be true that the company might have a remedy at law. The proceeding on behalf of the harrow company is merely ancillary to the foreclosure suit, and, as it is necessary that the party should be heard for the protection of its rights, the court has jurisdiction of the ancillary proceedings by reason of its jurisdiction of the original cause.

As a third ground of demurrer, it is averred that it does not appear that the Thomas Harrow Company has such an interest in the subject-matter of the suit as entitles it to be heard, because it does not appear that its claim against Barge & King has been put into judgment. The ordinary rule is that a stranger—that is, one without interest—is not permitted to question the validity of a conveyance or transfer of property by the owner thereof. Hence it is held that a creditor, who has no lien or right to a lien upon the property of his debtor, cannot question a conveyance of the debtor's property. To do so he must obtain a lien, or right to create one, by procuring a judgment and proceeding to execution. The necessity of proceeding to judgment and execution is, however, merely to create such an interest in the property as will entitle him to question the validity of the conveyance; and if he has, by other means or sources of title, an interest in the property, he is not required to reduce his claim to judgment. In the present case the Thomas Harrow Company claims to be the owner of part of the property included in the mortgage. It therefore appears that it has an interest to be protected,

and it cannot be refused a hearing on the ground of being a stranger to the controversy.

It is also stated, as ground of demurrer, that the equity, if any, of the Thomas Harrow Company, can only be worked out through the equities of the defendants Barge & King. The interest and ownership of the harrow company are not derived from any equities in favor of Barge & King, but are dependent upon the independent title averred to exist in that company.

There is also filed in the cause a cross-bill by Robert Fullerton, who avers that the firm of Barge & King executed to him a deed of general assignment for the benefit of creditors, and that he has accepted such trust, and duly qualified as assignee, and that the chattel mortgage sought to be foreclosed is null and void, but forms a cloud upon the title of the assignee, to remove which it is prayed that the mortgage be declared void. Complainant objects to this bill, for that the same is filed without leave of court, and after answer filed, and solely for purposes of delay. It is apparent from the entire record that one of the many questions involved is between the mortgagee and the assignee, and it is not perceived why the issue presented by the cross-bill should cause any delay in the disposition of the cause. In fact, the real issue as to the validity of the mortgage must be disposed of in determining the issues made upon the original bill, and all that is sought by the cross-bill is an affirmative decree, if the issue is found in favor of the assignee. If the order already made does not cover leave to the assignee to file cross-bill, such leave is now granted, and the objections to the cross-bill are overruled.

A further cross-bill has also been filed on behalf of A. G. McDonald, the Dubuque Brass & Metal Company, Hamilton & Amidown, *et al.*, to which a demurrer is interposed. It is not shown that the claims of these parties have been reduced to judgment, save that of A. G. McDonald, and the cross-bill sets up the execution of the assignment to Fullerton, and avers that the mortgage is void as to the other creditors.

It not appearing that the parties other than A. G. McDonald have exhausted their legal remedies, and having no lien or right to a lien upon the property in dispute, the demurrer must be sustained, so far as the cross-bill is based upon the claims of the parties other than A. G. McDonald.