[No. 3304.   Decided January 2, 1900.]

William B. Hanna *et ux., Appellants,* v. Charles S. Reeves *et al., Defendants,* Esther J. Kasson, *Respondent.*

MORTGAGES—FORECLOSURE—ADMISSIBILITY OF LEGAL DEFENSES.

A person made defendant in a suit for the foreclosure of a mortgage is entitled to interpose a legal defense establishing a right of possession in the land in controversy, under Bal. Code, § 4913a, which provides that a defendant may set forth as many defenses as he may have, whether denominated legal or equitable, or both.

SAME—ABANDONMENT OF MORTGAGE.

Where a mortgagee forecloses a mortgage and enforces sale of the premises upon execution, which is satisfied partly by the payment of money and partly by the notes of sureties liable upon the appeal bond given in the case, who bid in the premises and assign the sheriff's certificate to the plaintiff as a mortgage security for their notes, the action of the parties constitutes an abandonment of the original mortgage lien, and any equities arising subsequent thereto and prior to the later mortgage may be asserted against the mortgagee.

COMMUNITY PROPERTY—PRESUMPTION ARISING FROM CONVEYANCE TO MARRIED MAN.

A conveyance to a married man for a consideration consisting partly of his separate property, which is not shown to have any value, and partly of community property, will, in the

absence of evidence of fraud, be presumed as a conveyance to the community.

Appeal from Superior Court, Thurston County.—Hon. T. M. REED, JR., Judge.   Affirmed.

*T. N. Allen,* for appellants.

*D. E. Bailey* and *Byron Millett,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—In April, 1890, plaintiffs conveyed the land described in the complaint to Thompson, Drum, and George M. Savage, together with other property, for $18,-140, of which $1,000 was paid in cash, and notes secured by a mortgage on the land were executed, payable two years from date.   Pursuant to agreement, a deed was made to Savage, and he executed a mortgage to plaintiffs.   Both deed and mortgage were duly recorded.   At the time the deed was executed George M. Savage was unmarried.   In October, 1890, articles of incorporation of the Home Building Association were filed, and on the same day Savage conveyed the land included in the mortgage, together with other tracts of land, to the association.   Savage was president of the association at the time the conveyance was made.   In November, 1890, Savage intermarried with his present wife, Bessie I. Savage.   In May, 1892, the notes given for the purchase price became due, and plaintiffs brought suit thereon against Savage, Thompson, and Drum to recover the remainder of the purchase price.   On the 28th day of May, 1892, the Home Building Association, Savage still remaining its president, conveyed the land in controversy to Savage, the consideration expressed in the deed being one dollar and other valuable considerations. On the 13th day of June, 1893, plaintiffs recovered judgment in the action pending against Savage, Drum, and Thompson.   Defendants appealed, and the judgment was

affirmed. The sum of $17,000 was paid by Thompson and the sureties on the supersedeas bond, and on the 28th day of May, 1894, the land involved in this action was sold by the sheriff on execution to satisfy the balance due on the judgment. At the sale the sureties, through their trustees, purchased the land for the amount due on the judgment, and on the same day an agreement in writing was made between the trustees of the sureties and the plaintiffs, which was that the defendants, other than Esther Kasson, in the present action, should execute their notes to the plaintiffs for the balance due plaintiffs on the judgment, payable twelve months from the date of the sale, and that the sheriff's certificate should be assigned to the plaintiffs to secure the payment of the notes, and, if the notes remained unpaid at maturity, the plaintiffs should take a deed from the sheriff to the premises involved, and should have the option to hold the deed in satisfaction of the balance due, or to hold it as a mortgage to secure the payment of the notes. The notes were given and the certificate assigned pursuant to said agreement. In April, 1895, George M. Savage and his wife, Bessie I. Savage, conveyed the premises involved here to the defendant Esther Kasson in payment of a pre-existing debt of George M. Savage, amounting to the sum of $1,800. Plaintiffs had notified defendants, who executed the notes mentioned, that they elected to hold the sheriff's deed at the execution sale before mentioned as a mortgage. Plaintiffs were put in possession of the premises, and have since remained in possession thereof. This action was commenced to foreclose the sheriff's deed delivered to the plaintiffs as a mortgage, and the defendant Kasson was made a party to the foreclosure under the allegation that she claimed an interest in the premises, and that such interest was inferior to the rights of the plaintiffs. She answered, claiming title under the deed of Savage and wife to herself executed

in April, 1895, alleging that, at the time the execution sale was made under the judgment obtained by plaintiffs against Savage, Drum, and Thompson, the property in controversy belonged to the community, George M. Savage and Bessie I. Savage, and that the execution was levied under a judgment which was valid only against the separate property of George M. Savage.

1.  Judgment was rendered in favor of defendant Kasson.  After the answer was filed, counsel for plaintiffs moved to dismiss the action as to the defendant Kasson on the ground that her answer was in the nature of a cross-complaint, and set up a legal title to the premises involved, which could not be properly litigated in the action. Such motion was overruled.  The motion is urged here, and counsel maintains that only an equitable defense or the superiority of liens can be determined in a foreclosure of the mortgage.  Citation is made from 1 Pomeroy on Equity Jurisprudence, § 130, which reads as follows:

" In some instances, however, where the equitable functions of the court are specifically defined by statute, or the facts show very clearly that the rights involved in the controversy and the remedies demanded are purely legal, and completely within the scope of ordinary legal proceedings, the court of equity will itself take the objection at any stage of the cause, and will dismiss the suit, although no objection has in any way been raised by the parties."

But it is also said in § 177, by the same authority, that:

" While this general doctrine is well established, still, in addition to the particular cases of disputed boundaries, partition, and assignment of dower, over which the concurrent jurisdiction may extend, and in which a remedy strictly legal may be granted, a court of equity will also confer the final relief of possession, and will decree a defendant to deliver up possession of land to the owner, when such relief is incidental to the main object of the suit, and the action is brought for some object otherwise within the equity jurisdiction."

Provision is made in our code (2 Hill's, § 529) for the joining of an action in ejectment with one to quiet title.

Section 4913a, Bal. Code, declares:

" The defendant may set forth as many defenses and counterclaims as he may have, whether they may be such as have heretofore been denominated legal or equitable, or both."

Counsel for appellants also cites *California Safe Deposit, etc., Co. v. Cheney Electric Light, etc., Co.*, 12 Wash. 138 (40 Pac. 732), but we do not think the case is in point here. The following cases are pertinent in the examination of the question: *Cole v. Reynolds*, 18 N. Y. 74; *Bowen v. Aubrey*, 22 Cal. 566; *New York Central Ins. Co. v. National Protection Ins. Co.*, 14 N. Y. 85.

It was within the power of the court to determine the rights of the respective parties after the plaintiffs had brought the defendant Kasson into the action.

2.   It is contended by counsel for plaintiffs that, if the execution sale under which the premises involved were sold was invalid because the community property could not be sold for the separate debt of George M. Savage, still the court ought to revive the original mortgage executed for the purchase price by Savage and delivered to plaintiffs; but plaintiffs abandoned this mortgage. They brought suit upon the note which it was given to secure, and obtained the judgment against the makers of the note, and levied the execution under such judgment upon the property which was included in the original mortgage, and it was sold for a sufficient amount to satisfy the judgment. By agreement between the plaintiffs and the sureties upon the supersedeas bond in the original action, the sureties purchased the premises, and the sheriff returned the satisfaction of the execution and the notes which were executed for the purchase price by the sureties to the plaintiffs. The original mortgage had thus been abandoned.   The

debt which it was executed to secure had passed through several transmutations, and did not exist in its original form, and in fact was evidenced by entirely new obligations.

3. It is argued in the brief that the transfers of the property in controversy from George M. Savage to the Home Building Association, and from the Home Building Association to George M. Savage, after his marriage, were fraudulent; that is, intended to defraud George M. Savage's creditors. But, from an examination of the record, it does not appear that any evidence of fraud was adduced by plaintiffs. The conveyance from the Home Building Association to Savage and wife after the existence of the community raises the presumption that the transfer was made to the community. In addition to this presumption is the testimony that the consideration for the land transferred in fact proceeded from the community. It is true that it also appears that a part of the consideration for the land transferred was the surrender of some shares of stock in the Home Building Association which were the separate property of George M. Savage, but it does not appear that they were of any value, while it does appear that the community advanced the consideration of real value. Without out proof negativing the presumption raised by the facts shown, the premises in controversy must be held to belong to the community of Savage and wife, and, the conveyance having been made to them prior to the levy of the execution under the judgment obtained by plaintiff against Savage, Drum and others, the sale made thereunder could not affect the community rights of Savage and wife and the respondent holding these. It follows that the judgment of the superior court was correct.

Affirmed.

GORDON, C. J., and FULLERTON, J., concur.

DUNBAR, J., dissents.