[No. 3970.　Decided December 13, 1901.]

W. B. HANNA *et ux., Appellants,* v. ESTHER J. KASSON *et al., Respondents.*

MORTGAGES — PERSONAL JUDGMENT AGAINST MORTGAGOR — RES JUDICATA AS TO FORECLOSURE.

The fact that a personal judgment on notes secured by mortgage has been rendered would not constitute such judgment *res judicata* in a subsequent action for the foreclosure of the mortgage lien for the purpose of recovering that portion of the original debt which remained unpaid under such personal judgment.

SAME — STATUTE OF LIMITATIONS — WHEN BEGINS TO RUN.

In an action for the foreclosure of a mortgage, where the debt had been merged in a personal judgment on the notes secured by the mortgage, the running of the statute of limitations would not commence with the date of such judgment, but at the date of the maturity of the original debt as described in the mortgage.

SAME.

Where mortgaged premises have been conveyed to a subsequent grantee, payments made by the mortgagor on the mortgage indebtedness will not extend the running of the statute of limitations as against such subsequent grantee without his consent.

SAME.

Where a subsequent grantee of mortgaged lands has been compelled to redeem a portion thereof from execution sale under a personal judgment against the mortgagor upon the notes secured by the mortgage, such involuntary payment would not operate to extend the statute of limitations as against an action of foreclosure upon the mortgage indebtedness remaining unpaid.

LIMITATIONS — EFFECT OF PARTIAL PAYMENTS BY CO-OBLIGOR.

Payments made by one obligor will not extend the statute of limitations as against a co-obligor who has not consented thereto.

Appeal from Superior Court, Thurston County.—Hon. ABRAHAM L. MILLER, Judge. Affirmed.

*T. N. Allen,* for appellants.

*Byron Millett* and *D. E. Baily,* for respondents.

The opinion of the court was delivered by

HADLEY, J.—Some of the matters suggested in the record of this cause were involved in litigation heretofore considered by this court. We refer to the opinions in *Hanna v. Savage,* 7 Wash. 414 (35 Pac. 127), and *Hanna v. Reeves,* 22 Wash. 6 (60 Pac. 62), as containing statements which are historically pertinent to a statement of this case. The statement here may be much abbreviated by reference to the opinions mentioned, and by considering them as preliminary statements leading up to the matters directly involved in this case. It will be observed by reference to *Hanna v. Reeves, supra,* that this court was asked in that action to give force and effect to the original mortgage lien which was executed by Savage to secure the debt of Savage, Thompson, and Drum. The court declined to do so in that action. That suit was brought to foreclose another and entirely different mortgage, in the way of a lien growing out of a sheriff's deed which the plaintiffs in the action were authorized, at their

option, to treat as a mortgage. The original Savage mortgage was not before the court under the issues in that case. The present suit was brought to foreclose the original Savage mortgage. The complaint alleges that on the 18th day of April, 1890, the plaintiffs sold to Savage, Thompson, and Drum certain real estate in Thurston county for the sum of $18,141, of which sum $1,000 was paid in cash, and by agreement of all the parties in interest the plaintiffs on said date conveyed said land to Savage, and at the same time took from him a promissory note executed by him to these plaintiffs for the balance of said sum, viz., $17,141, payable two years from date, with interest at the rate of ten per cent. per annum from date until paid, which note was secured by a mortgage upon said lands executed by said Savage at the time the note was delivered; that thereafter said promissory note matured, and the same not being paid, plaintiffs brought suit thereon in the superior court of Thurston county against Savage, Thompson, and Drum, and duly obtained a judgment in said court against said defendants for the sum of $19,969.25, principal and interest, and $90.85 costs; that said cause was appealed to this court by said defendants, and a supersedeas bond in the sum of $40,000 was filed on said appeal; that thereafter said judgment was affirmed, and judgment entered by this court on the 13th day of March, 1894, for the sum of $20,060.10, with interest from June 13, 1893, and $140.60 costs,— said judgment being against Savage, Thompson and Drum in the full amount, and also against the sureties upon the supersedeas bond in several sums, not exceeding the amounts for which they were severally liable by the terms of said bond,—and said judgment became the final judgment in said cause; that thereafter the following

payments were made on said debt, to-wit: March 24, 1894, $7,000; May 12, 1894, $10,000; April 17, 1895, $416.55; June 1, 1895, $1,431; that no other payments have been made upon said debt; and that, subject to the aforesaid credits, there is due and unpaid the sum of $20,060.10, with interest thereon from January 13, 1893, until paid, together with the sum of $140.60 costs adjudged in this court. It is alleged that the respondents claim some interest in the land, but that any such interest is inferior to plaintiffs' mortgage lien. The complaint asks for a decree enforcing said mortgage lien, for the balance due as aforesaid, and establishing said lien as prior to any claim of respondents in said land. A demurrer to the complaint was overruled, and thereafter the defendant, Esther J. Kasson, answered separately. Among other things in her answer, she pleads the record in *Hanna v. Reeves, supra,* as a bar to this action, on the ground that the same matters there litigated and determined are sought to be litigated again in this action. She also pleads the statute of limitations. It was stipulated between plaintiffs and defendants Millett and Bailey that said defendants should not be required to file a separate answer, and that if final judgment shall be entered against Esther J. Kasson, the same judgment may be entered against Millett and Baily. The cause was tried by the court, and judgment entered dismissing the action. The plaintiffs have appealed.

Appellants urge that the record of the proceedings in *Hanna v. Reeves, supra,* as pleaded by respondent Kasson, is insufficient as a plea of *res adjudicata* in the present action. Counsel for appellants has ably and exhaustively discussed this subject in his brief, to the effect that, notwithstanding the fact that a personal judgment only was taken upon the note against Savage, Thomp-

son, and Drum, still the right of action upon the mortgage as a lien securing the debt remains. He maintains that neither the entry of the judgment nor the subsequent proceedings were in any sense a bar to the right to foreclose the mortgage lien for the portion of the original debt which is unpaid. We believe counsel's contention is well taken, and that the questions involved in an application to foreclose the mortgage were never before the court until this action was brought. In the opinion of *Hanna v. Reeves*, this court did remark that the mortgage was abandoned but under the issues in that case the remark can only be construed to mean that for the purposes of the action then before the court it was abandoned. Appellants were then seeking to foreclose another mortgage, and had not brought the action to foreclose this one. The right to insist upon the foreclosure of this particular mortgage must therefore have its day in court. That portion of the answer which respondent urges as showing *res adjudicata* will, therefore, not be considered as sufficient to raise that issue. On the theory that it was insufficient, appellants move for judgment on the pleadings. That portion of the answer denominated the third defense particularly sought to raise the question of *res adjudicata*, but whatever matter may be contained therein which is responsive to the issues tendered by the complaint should be considered in connection with other matters raised in the answer. The answer also sets up the statute of limitations as a bar to the action. The motion for judgment upon the pleadings, we think, was properly denied.

We come now to a consideration of the question of the statute of limitations. Some decisions of this court upon questions here involved have been rendered since counsel prepared their briefs herein. Reference to these decis-

ions will be hereinafter made.   Appellants must seek to foreclose this mortgage upon the theory that, notwithstanding the note which was an original evidence of the debt has become merged into the judgment, the judgment is but another form of evidence that the debt exists, and that the right of action upon the mortgage continues until the debt itself is extinguished.   As before stated, we believe this to be true, but this right must be subject, of course, to the operation of the statute of limitations. There is no longer any right of action upon the note, for that right has once been exercised.   This is not an action upon the judgment.   The entry of the judgment could not have the effect to extend the statute of limitations as to a right of action upon the mortgage, because it was not a voluntary act upon the part of the debtors, in the nature of a contract.   The action must therefore be considered as one based alone upon the mortgage, as a written contract upon the debt therein described.   The debt described in the mortgage matured on the 18th day of April, 1892.   The statute had, therefore, run on the 18th day of April, 1898, unless it was extended by payments or stipulation.   Payments were made in March and May, 1894, but meantime, as shown by this record, the mortgaged property had, on the 28th day of May, 1892, become the community property of George M. Savage and Bessie I. Savage, his wife.   The details establishing this community ownership it is not necessary to discuss here, since it was finally determined by this court in *Hanna v. Reeves,* that the lands became the property of said community on the date above named.   The payments above mentioned were therefore made after the rights of such community had attached to the lands.   The respondent Kasson became the grantee of said community on the 24th day of April, 1895, and as such succeeded to

the rights of the community in said lands. This court has held that a subsequent grantee of mortgaged premises may plead the statute of limitations against an action to foreclose a mortgage. In *Damon v. Leque,* 17 Wash. 573 (50 Pac. 485, 61 Am. St. Rep. 927), it was held that, when the mortgage debt is once barred, the mortgagor cannot revive it by payment, as against the grantee. In *George v. Butler, ante,* p. 456, it was held that absence of the mortgagor from the state will not arrest the running of the statute as against the grantee. In the last named case, and also in *Raymond v. Bales, ante,* p. 493 this court approved the rule adopted by the supreme court of California, as fully stated and reviewed in *Wood v. Goodfellow,* 43 Cal. 185, to the effect that after the rights of a grantee have attached, no act of the mortgagor will have the effect to arrest the running of the statute as against the grantee without the grantee's consent and authority. In *Denny v. Palmer, ante,* p. 469, this court held the above rule subject to the exception that when the grantee has not filed his deed of record, so as to give the mortgagee constructive notice of his interest in the land, then, unless the mortgagee has had actual notice thereof in ample time to institute his action within the statutory period, the grantee will be estopped to plead the statute. The above is a hasty review of the decisions of this court up to this time, which may be said to bear upon the subject under consideration here, with the exception of one case which will be hereinafter mentioned. The complaint in this case does not state by whom the payments of March and May, 1894, were made, but this court found from the record of *Hanna v. Reeves* that those two payments, aggregating $17,000, were paid by Thompson and the sureties upon the supersedeas bond. Under the rule adopted in *Stubblefield v. McAuliff,* 20 Wash. 442 (55 Pac. 637), the

payment made by Thompson, a co-obligor with Savage, would not extend the statute as to Savage unless the payment was made by authority of Savage, and with his consent that the payment should amount to an extension of the statute as to himself. It does not appear that Thompson had such authority from Savage, which authority was necessary before the statute could be extended as to Savage's original personal obligation. Since no authority is shown from Savage, and the payments are not shown to have been made by him, it also follows that the community of which he was a member is not shown to have made a payment, or authorized one, which could have the effect to extend the statute against the community as the grantee of the mortgaged land. Another payment was made April 17, 1895, amounting to $416.55. This payment was made while the community still owned the land, and seven days before respondent Kasson became the owner. The complaint does not show by whom this payment was made, but from respondent's answer, which sets up the former record as aforesaid, we gather that it was made by a redemption of one small tract from the execution sale heretofore mentioned, and the redemption money was applied as credits upon the several obligations of the sureties upon the supersedeas bond. It does not appear by whom the redemption was made,—whether by a lien holder, or by the community composed of Savage and wife. If by a lien holder it, of course, would not bind the community. If made by the community itself, it cannot be said to have been a voluntary payment that would have the effect to extend the statute, unless it appeared that it was specially agreed by the community that it should have such effect, for the reason that the community occupied the position of one whose peaceable possession and quiet enjoyment were threatened by the

purchaser at the execution sale, and the payment was in the nature of a compulsory one, or at any rate may have been so regarded by them. The community was not obligated to pay the debt, and in the absence of a showing that the payment was made by it, and with the clear understanding that it was a new contract for the purpose of extending the operation of the statute as against the community, it must be held that the community was not bound by the payment in question. The last payment upon the debt was made June 1, 1895, which was after respondent Kasson became the owner of the land, and, under the decisions heretofore cited, did not affect the running of the statute as to respondent. The right of action upon the mortgage having expired on the 18th day of April, 1898, without some new contract which extended the statute, and the payments meantime not having that effect as between the mortgagee and the subsequent grantee, we conclude that this action is barred by the statute of limitations, since it was not commenced until the 9th day of March, 1900.

The judgment is therefore affirmed.

REAVIS, C. J., and FULLERTON, ANDERS, MOUNT, WHITE and DUNBAR, JJ., concur.