[No. 4825. Decided December 29, 1903.]

ARCHIBALD C. DE VOE, *Respondent*, v. ELIZA R. RUNDLE, *Appellant*.[1]

INFANCY—INVESTMENT IN OUTLAWED MORTGAGE—DISAFFIRMANCE—STATUTE OF LIMITATIONS—EFFECT OF MINORITY—RIGHTS OF SUBSEQUENT LIENORS. A minor who was induced by misrepresentations of the mortgagor to purchase the mortgaged premises, and, in order to acquire title, to invest in an outlawed mortgage, can not afterwards claim that the mortgage was revived as against subsequent lien holders whose rights had attached, or secure any priority over them on account of his minority.

STATUTE OF LIMITATIONS—MORTGAGES—REVIVAL OF LIEN—SUBSEQUENT JUDGMENT—PRIORITY—ARREST OF STATUTE. Where the statute of limitations has run against a mortgage, it can not be revived by any act of the mortgagor, as against a subsequent judgment lien, and upon foreclosure contested by the judgment creditor, he should be awarded priority.

1Reported in 74 Pac. 836.

Appeal from a judgment of the superior court for King county, Tallman, J., entered June 12, 1903, upon findings in favor of the plaintiff after a trial before the court without a jury, decreeing the foreclosure of a mortgage and denying the priority of defendant's judgment lien. Reversed.

*Tucker & Hyland,* for appellant, contended, among other things, that equity will not relieve from a mistake of law whereby the operation of a contract is different from what the parties intended. *Proctor v. Thrall,* 22 Vt. 263; *Hunt v Rousmanier's Adm'rs,* 8 Wheat. 174; Story, Equity Jurisp. (10th ed.), §§ 114–116; *Burt v. Wilson,* 28 Cal. 632. Equity will not relieve from a mistake of law whereby judgment creditors' rights intervene. *Campbell v. Carter,* 14 Ill. 285; *Garwood v. Eldridge,* 2 N. J. Eq. 145, 290; *Bentley v. Whittemore,* 18 N. J. Eq. 366. Nor where general creditors' rights would be injuriously affected. *Anderson v. Tydings,* 8 Md. 427, 63 Am. Dec. 708. There was lack of diligence on the plaintiff's part. *Glen v. Statler,* 42 Iowa 107; *Bonney v. Stoughton,* 122 Ill. 536, 13 N. E. 833.

*Charles R. Crouch,* for respondent. A judgment creditor can not plead the statute of limitations to his debtor's mortgage, because he does not owe the debt, is not in possession of the property, and has no legal title thereto. *Blair v. Silver Peak Mines,* 84 Fed. 737; *Sanger v. Nightingale,* 122 U. S. 176, 7 Sup. Ct. 109, 30 L. Ed. 1105.

HADLEY, J.—On the 17th day of June, 1901, the appellant, Eliza R. Runkle, obtained a judgment in King county, Washington, against Arthur De Voe for the sum of $455 and costs. Her judgment became a lien upon the real estate of said De Voe in King county, on and after said

date. Said De Voe was, at that time, the holder of the legal title of record to lot 4, block 13, in the D. T. Denny Replat of North Seattle. He was also the holder of such title on the 21st day of December, 1891, at which time he executed a mortgage upon said lot to Eugene E. De Voe, of Chatauqua county, New York. The mortgage was given to secure the payment of $1,000, according to the terms of a promissory note bearing even date with the mortgage, and maturing three years after date, with interest at eight per cent per annum, payable semi-annually. Interest was paid upon the note up to December 20, 1892, and no subsequent payments of principle or interest were made. The note matured by its terms December 21, 1894, and the statute of limitations, unless in some manner arrested, had run December 21, 1900. On the 4th day of April, 1902, the said Arthur De Voe and wife conveyed the said lot by quitclaim deed to the respondent, Archibald C. De Voe. Appellant's judgment was unsatisfied at that time, and was still a lien upon said lot. The controversy here is whether the lien was subject or superior to that of the mortgage aforesaid.

Archibald C. De Voe is the son of Arthur De Voe, and about December 20, 1901, during the minority of the former, it is alleged that he was induced by the latter to invest funds he had received from his mother's estate in the lot above described. It is averred that the manner of the investment was as follows: Archibald C. De Voe was to purchase the mortgage held against the lot by said Eugene E. De Voe, and Arthur De Voe was to convey an unincumbered title. A number of unsatisfied judgments existed against Arthur De Voe at the time, including that of appellant, of which his son, the respondent, says he did not know. On or about January 3, 1902, the son sent the sum of $500 to the eastern mortgagee to apply upon .

the mortgage, and on or about April 2, 1902, it is alleged the further sum of $800 was paid by him in the same manner. On March 6, 1902, the mortgagee acknowledged a release and satisfaction of the mortgage, and this was filed for record in the auditor's office of King county April 7, 1902, at the request of respondent.

On substantially the above statement of facts, Archibald C. De Voe, the respondent, instituted this action, making Arthur De Voe and wife, Eugene E. De Voe, the mortgagee of the aforesaid mortgage, and the judgment creditors of Arthur De Voe, including appellant, parties defendant. The complaint alleges insolvency of Arthur De Voe, and asks that the aforesaid release of mortgage shall be set aside, and that the mortgagee shall be required to execute an assignment thereof to Archibald C. De Voe. Judgment is also demanded against Arthur De Voe and wife in the sum of $1,300, together with a decree foreclosing the mortgage. The prayer concludes with the demand that the judgment creditors shall be barred and foreclosed of all rights in said property.

Appellant demurred to the complaint on several grounds—among others, that the action was not commenced within the time allowed by law, and that the complaint shows upon its face that the statute of limitations had run against the mortgage prior to the commencement of the action. The demurrer was overruled. Appellant then answered the complaint, putting in issue material allegations thereof, and, among other things, pleading affirmatively the statute of limitations against the mortgage. A trial was had before the court without a jury, and a judgment was entered effectually granting the prayer of the complaint. This is an appeal from the judgment by the defendant Eliza R. Runkle.

A large number of alleged errors are assigned—among others, that the court erred in overruling the demurrer to the complaint on the ground that the action was not brought within the time allowed by law. This question was also raised by objections and motions at the trial, the overruling of which is also assigned as error. We think this is the only question necessary to be discussed in the case, and we shall consider it as presented not alone upon demurrer, but upon the whole record, including the evidence.

There is nothing in the record which shows that the statute of limitations did not uninterruptedly run against the mortgage, and it therefore expired December 21, 1900. Arthur De Voe was still the owner of the lot, and remained such until June 17, 1901, when appellant recovered her judgment against him. Respondent had no interest in the mortgage at that time, and, under the allegations of his complaint, he acquired no interest until about January 3, 1902, when he made a payment of $500. About April 2, 1902, he made a further payment of $800. Meantime he attained his majority on March 4, 1902. The first payment was made when he was within about two months of having reached his majority, and the last one, about one month after he was twenty-one years of age. As to third parties, he certainly was required to take notice of existing conditions when he made his last payment, and when he accepted the conveyance of the land after his majority. In any event, we know of no rule that will permit a minor to invest in a mortgage that is outlawed at the time, and afterwards claim that the lien thereof shall prevail, as against other lien holders, for reasons alone growing out of his minority. We do not understand that this is seriously contended in this case, but the fact of minority is alleged in the complaint with some emphasis; and it is, perhaps, pertinent in support of the issue against respond-

ent's father, in order to show the confidential relation between the two, and reliance of the son upon the statements of the father that the son would acquire a good title.

The only question, therefore, is, can appellant, as the holder of a judgment lien against the mortgaged land, plead the statute of limitations against the mortgage? We have held that a subsequent grantee of the mortgagor may plead the statute, and that the absence of the mortgagor from the state will not suspend the running of the statute as to the mortgage executed by him, when he has parted with all his interest in the premises to such subsequent grantee, who has resided in the state continuously, and against whom the remedy of foreclosure has been at all times available during the running of the statute. *George v. Butler,* 26 Wash. 456, 67 Pac. 263, 57 L. R. A. 396, 90 Am. St. 733; *Denny v. Palmer,* 26 Wash. 469, 67 Pac. 268, 90 Am. St. 766.

We have further held that, when mortgaged premises have been conveyed to a subsequent grantee, payments made by the mortgagor on the mortgage indebtedness will not extend the running of the statute, as against such subsequent grantee, without his consent. *Hanna v. Kasson,* 26 Wash. 568, 67 Pac. 271. We have also held that partial payments by a mortgagor will not extend the statute, as against a judgment creditor of the mortgagor who has purchased the mortgaged premises under execution sale, under the principle that he has become vested with an interest and that the mortgagor cannot, by any act or stipulation, extend the limitation upon the mortgagee's right of foreclosure, as against the execution purchaser. *Raymond v. Bales,* 26 Wash. 493, 67 Pac. 269. Thus we have held that the running of the statute will not be arrestel, as against subsequent grantees or subsequent execution purchasers, for

the reason that the remedy by foreclosure is at all times available as against them.

It has not been directly held by this court that a mere judgment lien holder may plead the statute. In the last case cited above, the interest of the party pleading the statute was initiated by the judgment lien, but he had proceeded further, and that interest had ripened into an execution purchase under the judgment lien. In that opinion, however, as in others above cited, we followed and quoted from the opinion in *Wood v. Goodfellow,* 43 Cal. 185. A part of that quotation is as follows:

"But this court has repeatedly decided that as against subsequent incumbrancers, or a subsequent holder of the equity of redemption, the mortgagor has no power by stipulation to prolong the time of payment, or in any manner increase the burdens on the mortgaged premises."

It will be observed that, by the language above quoted, the California court, in referring to its former decisions, understood that it had applied the rule to subsequent incumbrancers in general. An incumbrancer is one who has a legal claim against an estate. 16 Am. & Eng. Enc. Law, 161. A judgment is an incumbrance, and the holder thereof is an incumbrancer. *Spangler v. Sanborn,* 7 Colo. App. 102, 43 Pac. 905; *Thatcher v. Valentine,* 22 Colo. 201, 43 Pac. 1031; *Willsie v. Rapid Valley Horse-Ranch Co.,* 7 S. D. 114, 63 N. W. 546; *Redmon v. Phoenix Fire Ins. Co.,* 51 Wis. 293, 8 N. W. 226, 37 Am. Rep. 830.

That the supreme court of California intended the term "incumbrancers," as used in the argument in *Wood v. Goodfellow,* to include judgment creditors, is made clear by the very recent decision in *Brandenstein v. Johnson* (Cal.), 73 Pac. 744. Precisely the same question was before the court in that case that is now before us in the case at bar. A subsequent judgment lien holder interposed the plea of

the statute of limitations, as against a prior mortgage. The trial court decreed foreclosure of the mortgage, but held that the mortgage lien was subject and junior to the judgment lien. That decree was affirmed by the supreme court. The latter court, in its opinion, after reviewing the doctrine of *Wood v. Goodfellow,* said:

"It is true that in *Wood v. Goodfellow* the subsequent lien holder was a mortgagee, but no distinction is made in that case, or in other cases above cited, between a mortgage lien and any other valid lien; and in *Watt v. Wright, supra,* it was expressly held that the absence of a mortgagor from the state did not stop the running of the statute of limitations, as against the subsequent lien holder by attachment. See, also, the following cases decided before *Wood v. Goodfellow: Lord v. Morris,* 18 Cal. 490; *Low v. Allen,* 26 Cal. 143; *Belloc v. Davis,* 38 Cal. 242. The theory of all the cases above cited is that, while the general rule is that the plea of the statute of limitations is a personal privilege, that rules does not extend to subsequent property rights over which he has no control. See *Lord v. Morris, supra.*"

It will thus be seen that the question presented here has been directly decided in California adversely to respondent's contention. When we adopted the rule governing the application of the statute of limitations in our own cases above cited, we conceded that there is conflict of authority upon the subject, but stated that the rule adopted in California, and some other states, appealed to us as the proper one, and that we should follow it. The late decision of *Brendenstein v. Johnson, supra,* is but a reannouncement of the doctrine theretofore applied by that court, and, as it is directly in point here, we see no reason why it shall not be followed, thus preserving the harmonious application of the principle heretofore adopted in our former decisions.

Under the issues and evidence in the case, respondent is entitled to his judgment against Arthur De Voe and wife,

and to a decree foreclosing the mortgage and barring all the defendants in the action except the appellant. The decree should, however, be modified so that the mortgage lien shall be declared to be subject and junior to the judgment lien of appellant. The cause is therefore remanded to the superior court, with instructions to modify the decree as above indicated.

FULLERTON, C. J., and MOUNT, DUNBAR, and ANDERS, JJ., concur.