[No. 9737. Department One. November 16, 1911.]

DUNGENESS LOGGING COMPANY, *Respondent*, v. OREGON & WASHINGTON RAILROAD COMPANY, *Appellant*.[1]

CHATTEL MORTGAGES — FORECLOSURE — PARTIES—DEFENSES—PARAMOUNT TITLE. In an action to foreclose a chattel mortgage, brought against the mortgagor and a third person as claiming some interest in the property, the court has jurisdiction to determine a paramount title pleaded by the third person as superior to that of the mortgagor at the date of the execution of the mortgage; since possession follows the sale and the rule as to real estate mortgages does not apply.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered June 5, 1911, dismissing, as to one defendant, an action to foreclose a chattel mortgage, after a hearing before the court. Reversed.

*Bogle, Merritt & Bogle,* for appellant.

*Bostwick & Steele,* for respondent.

[1]Reported in 118 Pac. 825.

Gose, J.—The plaintiff filed a bill in equity for the fore-closure of a chattel mortgage executed to it by the defendant Elliott Bay Lumber Company. The mortgaged property consists of a sawmill plant, including all buildings, fixtures, tools, and personal property, situate upon certain described lots, and a leasehold for fifteen years upon the lots. The mortgagor and the Oregon & Washington Railroad Company were made parties defendant. The allegation in the bill as to the latter is that it claims some right or interest in the mortgaged property "diverse" to the rights of the plaintiff, but that its claim or interest in the property is subject and inferior to the mortgage. The railroad company answered and alleged affirmatively, that it was the owner of the property described in the mortgage; that if the lumber company mortgaged it to the plaintiff, it did so knowing that the railroad company owned the property; and that the ownership of the latter was known to the plaintiff when the mortgage was executed. It prayed that it be adjudged the owner of the property, that "possession thereof be restored to it," and that its title be quieted. A reply was filed which put these matters in issue. Later the plaintiff filed a supplemental reply which, in substance, alleged that the lumber company had been adjudged to be the owner of the property, in a separate suit, prosecuted to judgment since the commencement of the action, wherein the railroad company was the plaintiff, the lumber company the defendant, and the plaintiff herein the intervener. On the day the supplemental reply was filed, upon the motion of the plaintiff, the case was dismissed as to the defendant corporation Oregon & Washington Railroad Company. It has appealed from the judgment.

The respondent relies upon the following cases: *California Safe Deposit and Trust Co. v. Cheney Elec. Light & Power Co.*, 12 Wash. 138, 40 Pac. 732, and *Kizer v. Caufield*, 17 Wash. 417, 49 Pac. 1064. These were cases where real estate mortgages were foreclosed. They announce the rule that a

title paramount and hostile to that of the mortgagor cannot be litigated in an action to foreclose a mortgage. We think the case at bar is controlled by the principles announced in the later cases of *Hanna v. Reeves*, 22 Wash. 6, 60 Pac. 62, and *Washington National Building, Loan & Inv. Ass'n v. Saunders*, 24 Wash. 321, 64 Pac. 546. In the *Hanna* case the action was prosecuted to foreclose a sheriff's deed to real estate, which had been delivered to plaintiffs as a mortgage. One Kasson was made a party defendant, under an allegation that she claimed an interest in the premises but that such interest was subject to the rights of the plaintiff. She answered, alleging a superior title. Upon the filing of her answer, the defendant moved to dismiss the action as to her, on the ground that she was asserting a paramount title which could not be litigated in that action. The motion was overruled, and a judgment was entered in her favor. In answering the contention that her answer raised an issue not there triable, the court said:

"It was within the power of the court to determine the rights of the respective parties after the plaintiffs had brought the defendant Kasson into the action."

The *Hanna* case seems to us irreconcilable with the *Safe Deposit* and *Kizer* cases. In the *Saunders* case the action was brought to foreclose a pledge upon a stock certificate. One Tozier was made a party defendant, under an allegation that he claimed an interest in the certificate but that it was subject to the rights of the pledgee. Tozier answered, alleging title paramount to that of the pledgor. A motion to dismiss as to Tozier was overruled. After trial a judgment was entered in his favor. Error was assigned to the refusal of the court to dismiss as to Tozier. After commenting upon the distinction between a real estate mortgage and a pledge, the court said:

"In this case the plaintiff in possession of the certificate of stock voluntarily brought it and the defendant into court. The defendant denied the superiority of any claim plaintiff

had to the certificate, and affirmatively claimed that he was entitled to it. It would seem inconsistent with our liberal practice to dismiss the action, and then allow the same relief upon the commencement of another action in different form. It is not assumed that there is any lack of jurisdiction in the court to determine the controversy in its present form, but the objection is solely upon the ground that the plaintiff may elect not to try it. We do not desire to extend the rule announced in *California Safe Deposit & Trust Co. v. Cheney Electric Light etc. Co., supra,* to the foreclosure of pledges such as this."

The procedure applicable to the foreclosure of chattel mortgages is stated in 7 Cyc. 98, subd. d, as follows:

"Claimants of the mortgaged property, whether claiming as owners or as attaching or judgment creditors, may intervene in an action to foreclose."

*Osborne & Co. v. Barge,* 30 Fed. 805, was an action to foreclose a chattel mortgage. A third party was permitted to file a cross-bill alleging a title paramount to that of the mortgagor. It was held that the proceeding under the cross-bill was ancillary to the foreclosure suit; that it was necessary that the party filing it should be heard for the protection of his rights; and that the court had jurisdiction of the ancillary proceedings by reason of its jurisdiction of the original case. It is true that the only necessary parties to the foreclosure of a mortgage, either upon real estate or personal property, when this case is commenced, are the mortgagor, if he then retains an interest in the property, and those claiming ownership or liens through or under him subsequent to the execution of the mortgage. They are made parties so that their claims and equities in the property may be cut off. However, where a bill in equity has been filed for the foreclosure of a chattel mortgage, and one of the defendants pleads that he has a title superior to that of the mortgagor at the date of the execution of the mortgage, we think that he has a right to have his interests in the property determined in that suit. The court is vested with jurisdic-

tion of the subject-matter by the constitution, and of the parties by their appearance. The retention of the case for the adjudication of the alleged superior title, in a proceeding to foreclose a chattel mortgage, is essential, in that the right to possession follows the sale of the property. No such right flows from the sale of real estate upon a mortgage foreclosure. It is apparent that in many cases, unless the rights of the paramount owner are determined in the foreclosure proceeding, the property may be dissipated and his rights prejudiced before he can secure relief in an action at law. Moreover, the foreclosure is an idle thing if in fact the mortgagor had no interest in the property which he could incumber when he executed the mortgage.

We think that the learned trial court was in error in dismissing the case as to the appellant, and the judgment is reversed.

DUNBAR, C. J., MOUNT, and FULLERTON, JJ., concur.

PARKER, J. (concurring)—I concur in the result, but do not want to be understood as assenting to the view that a paramount title can become the subject of litigation in a real estate mortgage foreclosure, except by consent of the parties. I think that the holding in *California Safe Deposit & Trust Co. v. Cheney Electric Light & Power Co.*, 12 Wash. 138, 40 Pac. 732, is not irreconcilable with the later decisions, as suggested in the opinion. That decision is only qualified by holding that consent will bring into such foreclosure the question of paramount title. The question of consent was not there involved. This was recognized as the correct rule in *Oates v. Shuey*, 25 Wash. 597, 66 Pac. 58. The fear that the language used may be construed as dictum in opposition to the *Safe Deposit* case prompts me to say this much.