SARAH M. MONROE v. THEODORE AUGUSTE HEINTZMAN, JOHN D. STANDISH AND CHARLES H. FREEMAN.

*Costs on certiorari secured by bond in replevin.*

A replevin bond covers the costs of all courts even though the case be removed on *certiorari* from before a justice, if a final judgment on writ of error awards all costs below.

Error to Wayne. Submitted April 6. Decided April 13.

DEBT on bond. Sarah M. Monroe was assignee of a replevin bond to Jane Sterling, upon which Standish & Freeman were sureties for Heintzman, the plaintiff in replevin. The suit began before a justice, and was taken on

*certiorari* to the circuit from which it was removed on writ of error to the Supreme Court, where the defendant prevailed, and the judgments below, both of which had been in favor of the plaintiff, were reversed, *with costs of all the courts: Stirling v. Heintzman* 42 Mich. 449. The assignee of the bond recites these facts in her declaration, and claims to be entitled to recover the costs adjudged against Heintzman. Defendant Standish demurred to the declaration on the ground, among others, that he was not liable for costs of the Supreme or circuit court. The case was heard on demurrer, and judgment given thereon for the defendant. Plaintiff brings error. Reversed.

*James H. Pound* for plaintiff in error. *Certiorari* proceedings are not a new suit: *Fisher v. Thirkell* 21 Mich. 1; *Dunn v. Sutliff* 1 Mich. 24; *Smith v. Crouse* 24 Barb. 436; *Bennet v. Rathbun* 17 Johns. 37; *Volk v. Youngs* 1 Cow. 425; *Brabon v. Pierce* 34 Mich. 39; *Bennett v. Brown* 20 N. Y. 102; *Robinson v. Plimpton* 25 N. Y. 484.

*Moore, Canfield & Warner* for defendant in error. Distinction is made between an appeal and proceedings on *certiorari: Fenno v. Dickinson* 4 Den. 84; sureties on a replevin bond are not liable for costs of the Supreme Court on error: *Clark v. Quackenboss* 28 Ill. 112; *Hinckley v. Kreitz* 58 N. Y. 583; *Babbitt v. Finn* 101 U. S. 7.

GRAVES, J. This is a writ of error brought to reverse a judgment given for the defendant on demurrer to the declaration. The case is governed by *McLean v. Isbell* 44 Mich. 129.

The judgment is reversed and the demurrer overruled with costs. The cause must be remanded for further proceedings, and my brethren are of opinion that the court below may in its discretion permit the defendant in error to plead over.

The other Justices concurred.