O'DONNELL *v.* WADE.

1. JUSTICES OF THE PEACE — DOCKETS—ENTRIES—APPEARANCES—
   STATEMENT OF TIME.
   Where the paragraph of a justice's docket showing the appearances of the parties begins "1899, May 23d, ten o'clock a. m.," it sufficiently appears that the appearances were at ten o'clock.

2. SAME—PLACE OF RETURN.
   A reasonable construction of a justice's docket authorizes the inference that the proceedings recorded therein were had before the justice who issued the summons and signed the docket and that the summons was returnable before him at a proper place, though such facts are not specifically stated in the docket. The statute does not require that either of these things be entered in the docket.

3. SAME—PLACE OF ENTRY.
   It is not necessary to state in a justice's docket the place where the justice's office was when the judgment was rendered.

4. SAME—JUDGMENT ON NOTE—SUFFICIENCY.
   Where a justice's docket states that the declaration was on a promissory note, and no entry appears showing any plea or denial of the execution of the note under oath, and states further that the defendants acknowledged their indebtedness, from which it is inferable that both defendants were present during the proceedings, though only one is mentioned as appearing at the hour of return, the docket is sufficient and is prima facie evidence of a valid judgment against both defendants.

5. SAME—PROMISSORY NOTE—PROOF OF OWNERSHIP.
   Where the promissory note on which suit is brought is produced, filed, and canceled by the judgment on return day, there is sufficient to support the judgment without other proof of its execution or the ownership of it, and whether the defendant appears or not.

Appeal from St. Clair; Tappan, J. Submitted January 10, 1908. (Docket No. 38.) Decided January 31, 1908.

Bill by Cornelius O'Donnell against Fred B. Wade and Thomas Moore to remove a cloud upon title to land. From a decree dismissing the bill, complainant appeals. Affirmed.

*A. E. Chadwick* (*James L. Coe*, of counsel), for complainant.

*Frank R. Schell*, for defendants.

HOOKER, J. Complainant's bill prays the removal of a cloud upon the title, caused by the levy of a transcript execution upon land. It involves the question whether the justice's judgment is void or valid.

The grounds upon which it is attacked are:

(1) That this complainant, a defendant therein, is not shown to have appeared, and the docket omits to show the hour upon the return day, at which the parties appeared.

(2) That it is void as to complainant for the further reasons: *a*, The docket does not show where and before whom the summons was returnable; *b*, the docket omits to show where the justice's office was when judgment was rendered.

(3) The docket omits to show the confession of the defendants, by way of plea or otherwise, or to and in the presence of the justice while sitting in the case.

(4) Only one defendant was present and his confession cannot bind the complainant.

(5) No witnesses were sworn or any proof made showing Wade to be the bona fide owner or holder of the note.

1. A certified copy of the justice's docket entries in the cause was introduced in evidence, which contained the following entry on the date of the return day:

"1899, May 23d, ten o'clock a. m. Case called. Plaintiff present in person and E. A. Bartlett, as attorney. Defendant, Timothy O'Donnell, present in person."

This implies their presence at ten o'clock. *Vroman* v. *Thompson*, 51 Mich. 455. A controversy arose over the words ten o'clock, it being claimed that they were not in

the entry as originally made, but had been afterwards inserted. Oral evidence was taken on this point, and the trial judge found that they were contained in the original entry. If the certified copy of the docket was subject to contradiction, which we do not determine, we think the evidence justifies the conclusion reached.

2. If we give the docket a reasonable construction we may properly infer that the proceedings were before the justice who issued the summons and signed the docket, that the summons was returnable before him at a proper place. The statute does not require that either of these things be entered in the docket, nor is it necessary to state where the entry was made.

3. The docket states that the declaration was on a promissory note. Apparently no plea was filed, nor was there any denial of the execution of the note under oath. It states that the defendants acknowledged their indebtedness, from which it is inferable that both defendants were present during the proceedings, though only one is mentioned as present at ten o'clock. Thereupon judgment was rendered.

4 and 5. The evidence of the justice warrants the conclusion that the note was produced and filed and canceled by the judgment on the return day. This of itself was sufficient under the pleading to base a judgment upon, without other proof of its execution, and whether the complainant appeared or not. Tiffany's Justice's Guide (10th Ed.), § 191. The docket contained the requisite entries, and was prima facie evidence of a valid judgment. *Goodrich* v. *Burdick*, 26 Mich. 41; Tiffany's Justice's Guide (10th Ed.), § 366.

The decree is affirmed, with costs.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.