STEGEMAN *v.* FRASER.

1. MORTGAGES—FORECLOSURE—ACTION AT LAW—STATUTES—JUDGMENT.

In a suit to foreclose a mortgage securing notes upon which judgment has been previously rendered in justice's court, the bill must be dismissed unless execution has been issued and returned unsatisfied by the sheriff, with a return showing that the defendant has no other property subject thereto except the mortgaged premises, in pursuance of 1 Comp. Laws, § 521.

2. JUSTICES' COURTS — JUDGMENTS — SUFFICIENCY OF DOCKET AND RECORD.

Where both parties to an action appear in justice's court and the docket shows the nature of the action to be such that it

could be maintained by introducing a written instrument described in the declaration, and further shows that proofs and allegations of the parties were heard, it will be presumed that the proofs were sufficient to warrant the judgment

3. SAME—DOCKET—JURISDICTION.
   A defendant in justice's court may appear and waive formal proof of execution of a written instrument, nor is it required that such waiver be entered on the docket.

4. SAME—JURISDICTION—COLLATERAL ATTACK.
   All intendments should be indulged in favor of the legality of such judicial action when attacked collaterally if the justice had jurisdiction of the parties and subject-matter.

Appeal from Cheboygan; Shepherd, J. Submitted February 8, 1910. (Docket No. 124.) Decided April 1, 1910.

Bill by Albert A. Stegeman against George C. Fraser and others to foreclose a mortgage. From the decree rendered, complainant appeals. Affirmed.

*I. S. Canfield,* for complainant.

*Reilley & McPhee* and *Frost & Sprague,* for defendants.

MONTGOMERY, C. J. Complainant filed his bill herein to foreclose a mortgage given by defendants, George C. Fraser and wife, to the Miamisburg Twine & Cordage Company, November 12, 1896, to secure three notes of $150.54 due May 1, August 1, and October 1, 1897, and also to secure four notes of even date for $46.25 each, due May 1, August 1, October 1, and December 1, 1897, in favor of Olds Wagon Works of Ft. Wayne, Ind., upon certain lands in Cheboygan county. The mortgage was subsequently assigned by mesne conveyances to complainant. The bill of complaint is the ordinary foreclosure bill. The defendants were grantees of Fraser under conveyances made after the mortgage was given and recorded. The defense made by those who appeared and answered the bill was that the notes accompanying the

mortgage and made in favor of the Miamisburg Twine & Cordage Company had been put in judgment in justice's court before William Thompson, a justice of the peace of Washington township, Sanilac county, Mich., on June 1, 1900. There were three of these judgments, and in each case the docket entry shows that execution was issued, but there is no evidence that it was returned unsatisfied. The circuit judge decreed a foreclosure for the amount remaining due on the notes given to the Olds Wagon Works, but dismissed the bill as to the notes and mortgage given by the defendant to the Miamisburg Twine & Cordage Company, but without prejudice to the rights of the complainant to take any proceedings at law or in equity to enforce the collection and payment of the amount represented by said notes given to the Miamisburg Twine & Cordage Company, and the mortgage mentioned in said bill of complaint to secure the payment thereof, in all respects as if this bill had not been filed to enforce by foreclosure the payment thereof. From this decree the complainant appeals.

The decree was based upon section 521, 1 Comp. Laws, which reads as follows:

"If it appear that any judgment has been obtained in a suit at law, for the moneys demanded by such bill, or any part thereof, no proceedings shall be had in such case, unless to an execution against the property of the defendant in such judgment, the sheriff or other proper officer shall have returned that the execution is unsatisfied, in whole or in part, and that the defendant has no property whereof to satisfy such execution, except the mortgaged premises."

The appellant contends that there was error in applying this statute to the present case, for two reasons: *First,* it was said that the statute of limitations had run against the notes as against a suit at law, and therefore it was not incumbent upon the complainant to comply with this statute; *second,* it is alleged that the judgments were void on their face.

As to the first contention, the most casual reading of the statute shows that an affirmative duty is imposed upon a mortgagee who has secured a judgment, and it would be a novel application of the statute to say that, if he neglects the duty long enough for the statute of limitations to have run against the judgment, this will be equivalent to taking the affirmative action which the statute contemplates. The duty is imposed upon the mortgagee under this statute to seek satisfaction out of the other property of the mortgagor, and this is a substantial right, particularly when third parties' interests have intervened. The statute was clearly not complied with.

But it is contended that the judgments were void for the reason that the names of the witnesses were not stated on the docket, and that the docket does not show that the notes declared upon were in the several cases filed with the justice at the time of declaring. Section 826, 1 Comp. Laws, reads:

"When any written instrument, purporting to be executed by one of the parties, is declared upon or set off, it may be used in evidence on the trial of the cause against such party, without proving its execution, unless its execution be denied by oath at the time of declaring, or pleading, or giving notice of set-off, if such instrument shall be produced and filed with the justice."

We have held in two cases—*O'Donnell* v. *Wade*, 151 Mich. 103 (114 N. W. 871), and *Charles H. Werner & Sons Co.* v. *Lewis*, 155 Mich. 450 (119 N. W. 431)—that, where the docket entry shows that the written instrument was filed with the justice at the time of declaring, it will be presumed that the proof upon which the justice proceeded was that of the written instrument, and that it is not essential that the docket entry show the names of any witnesses. The docket entry in the present case showed that the plaintiff appeared by attorney, and that defendant also appeared by agent. It showed that the plaintiff declared on a promissory note, and a copy

thereof was filed as a part of the declaration. The docket then proceeds to state that, "after hearing the proofs and allegations of the parties, judgment is hereby forthwith rendered in favor of the said plaintiff," and against the defendant, etc.

Whether in any case such an attack as that made upon these judgments could be made collaterally we need not determine. But where both parties appear in court, and the docket shows the nature of the action to be such that it could be maintained by introducing a written instrument, and then recites that the proofs and allegations of parties were heard, it will be presumed that those proofs were sufficient to satisfy the justice of the claim.

The defendant, being in court by its agent, might well have waived any formal proof of the execution of the written instrument, and, had such waiver been made, there is no distinct requirement that it should be entered upon the docket. All intendments should be indulged in favor of the legality of judicial action when attacked collaterally where it appears that the court had jurisdiction of the subject-matter and the parties as in this case. We are not prepared to hold these judgments void.

It follows that the decree of the court below should be affirmed, with costs of this court to defendants.

MCALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.