PETERSON *v.* HARRINGTON.

1. JUSTICES OF THE PEACE—TRANSFER OF CAUSES—STIPULATIONS—JURISDICTION—WAIVER.

   Where an action of replevin pending before a justice of the peace was by stipulation of the parties transferred to a justice of the peace of another township, before whom the parties appeared and went to trial without objection, the question was one affecting only the jurisdiction of the parties, and, had there been no consent and objection had been timely made the justice to whom such transfer was made would have had no jurisdiction, but objection not having been made in that proceeding, and the record showing consent of the parties, the question was waived.

2. REPLEVIN—BONDS—LIABILITY—STATUTES.

   Under 3 Comp. Laws, § 10657 (3 Comp. Laws 1915, § 13087), providing as a condition of a replevin bond that plaintiff should return the same property taken on the writ if return be awarded and pay such sums of money as might be recovered against him in such action, an action on the bond against the principal and surety thereon was

proper, notwithstanding no property had been seized on the replevin writ, and judgment was for defendant for costs.

3. JUSTICES OF THE PEACE—JURISDICTION—APPEAL AND ERROR— STATUTES — REPLEVIN BOND — DOUBLE COSTS — COLLATERAL ATTACK.

The question whether a justice of the peace acted outside his jurisdiction in assessing double costs under 3 Comp. Laws, § 11265 (3 Comp. Laws 1915, § 13696), against a public officer in an action of replevin should be raised, if at all, upon the taxation of costs in that suit and not collaterally in an action on the replevin bond.

4. SAME—TAXATION OF COSTS—ENTRIES UPON DOCKET.

The reasons for allowing double costs, under 3 Comp. Laws, § 11265 (3 Comp. Laws 1915, § 13696), giving a justice of the peace authority to assess same in certain cases, need not be entered upon the justice's docket.

Error to Otsego; Sharpe, J. Submitted April 9, 1917. (Docket No. 101.) Decided September 27, 1917.

Assumpsit in justice's court by Charles Peterson against William A. Harrington and another on a replevin bond. From a judgment for plaintiffs, defendants appealed to the circuit court by writ of certiorari. Judgment for plaintiff. Defendants bring error. Affirmed.

*W. A. Harrington,* for appellants.

*Wirt Barnhart,* for appellee.

BIRD, J. Plaintiff recovered judgment on a replevin bond against defendants in justice's court, which was afterwards affirmed in the circuit court on certiorari. The material facts out of which this controversy arose are that defendant Harrington brought an action of replevin before Oris W. Farrar, a justice of the peace, against the plaintiff, Peterson, and gave the statutory bond, with defendant Johnson as surety. No property

was seized on the writ, but plaintiff went to trial as in an ordinary action commenced by summons. The trial resulted in a disagreement of the jury. Subsequently the case was transferred to Arthur H. Hall, another justice of the peace, residing in an adjoining township. The parties appeared before Hall and went to trial, in which defendant was successful, and a judgment for costs was rendered in his behalf in the amount of $27. This judgment not being paid, Peterson began this suit which we have before us.

1. Defendants raise the question that the judgment rendered by Hall, of the adjoining township, was void for want of jurisdiction. They take the position that there is no authority in the statute for transferring a cause to a justice of the peace outside of the township; that the justice to whom it was transferred acquired no jurisdiction of the subject-matter. Undoubtedly the transfer was irregular; but we think defendants are in error in contending that Justice Hall had no jurisdiction of the subject-matter. The matter was one cognizable by a justice of the peace, and so far as the subject-matter was concerned he had jurisdiction; but he did not have jurisdiction of the parties. The question is, therefore, one affecting the jurisdiction of the parties. The record shows that the parties appeared and went to trial without objection, and that the transfer was made by force of a stipulation of the parties. Had there been no consent, and the objection had been timely made, it would have left Justice Hall without jurisdiction; but not having been raised in that proceeding, and the record showing a consent of the parties, the point must be regarded as having been waived. *Smith* v. *St. Joseph Circuit Judge,* 46 Mich. 338 (9 N. W. 440).

2. It is further contended that the judgment is invalid against the surety, Johnson, because no property was seized on the writ, and therefore no action could

be maintained on the bond; the contention being that the only purpose of the replevin bond is to indemnify the defendant in replevin for loss on account of the seizure of property. This is too narrow a construction to give to the statutory provision. The statutory condition of the bond is:

"That if the defendant recover judgment against him in the action, he will return the same property, if return thereof be adjudged, and will pay the defendant all such sums of money as may be recovered by such defendant against him in the said action." 3 Comp Laws, § 10657 (3 Comp. Laws 1915, § 13087).

This language has been construed to be broad enough to cover costs, not only in justice's court, but in the circuit and Supreme Courts. *Monroe* v. *Standish,* 46 Mich. 12 (8 N. W. 571). See, also, *Brabon* v. *Pierce,* 34 Mich. 39.

3. Complaint is made that the judgment for costs was excessive, because the statute provides that the whole amount of the items of such costs shall not exceed $10. The judgment entries show that double costs were allowed. 3 Comp. Laws, § 11265 (3 Comp. Laws 1915, § 13696), gives the justice authority to assess double costs in certain cases against public officials. There is some slight evidence in the record that the defendant Peterson was a public officer. In view of the fact that the statute gives the justice the power to assess double costs in certain cases, we do not think we should assume that he was acting outside of his jurisdiction in doing so, especially when questioned in a collateral way, as is done here. This question should have been raised, if at all, upon the taxation of costs in the original suit. *Miller* v. *Maher,* 178 Mich. 571 (146 N. W. 196). But it is said the reason for allowing double costs should appear as an entry upon the docket. There is nothing in the statute requiring such reasons to be entered upon the docket, and therefore

we cannot hold it was necessary. *Stegeman* v. *Fraser,* 161 Mich. 35 (125 N. W. 769).

Finding no reversible error in the proceedings, the judgment of the circuit court must be affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.