**SOUTHERN FLORIDABANC, S.A., Plaintiff,**

v.

**Alan A. FELDMAN, Feld–Clair Inc., and Bayhold Financial Corp., Defendants.**

**Civ. A. No. 88–30041.**

United States District Court, E.D. Michigan, S.D.

Jan. 3, 1989.

Sheldon A. Silver, Lawrence M. Dudek, Schlussel, Lifton, Sion, Rands, Galvin & Jackier, Southfield, Mich., for plaintiff.

Peter M. Alter, Antoinette R. Raheem, Honigman, Miller, Schwartz and Cohn, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

This matter is before the Court on the defendants' motion to dismiss or to stay the plaintiff's suit to foreclose on a mortgage. Jurisdiction is predicated upon diversity of citizenship. 28 U.S.C. § 1332. The parties concede that Michigan law controls resolution of this dispute. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

### I.

The plaintiff's action arises from a promissory note executed by the defendant Feldman in 1974. As security, the defendants Feld–Clair, Inc., and Mclean mortgaged to the plaintiff property in St. Clair, Michigan, and Broward County, Florida, respectively. Subsequent to Feldman's alleged default on the note, plaintiff obtained a judgment of liability in Broward County Circuit Court. Included in this action was a request for foreclosure on the Florida property, which was also granted in the state court's order. At no time, however, did the court enter the amount of plaintiff's judgment, and this issue remains unresolved.

The plaintiff now seeks foreclosure of the mortgage on the Michigan property partially securing the defaulted note. The defendants assert two bases for the prevention of foreclosure. First, defendants argue that Michigan statutory law precludes mortgage foreclosure unless and until an execution of judgment, arising from a prior adjudication of liability on a note, is returned by a proper official unsatisfied. Mich.Comp.Laws Ann. § 600.3105(1) (West 1987). Second, defendants contend that in the interest of comity, this Court should suspend resolution of this action until the Florida state court determines the amount of the plaintiff's judgment, and the extent to which the Florida foreclosure satisfies the same. We need only address the defendants' first argument.

### II.

■ Generally, a judgment in one state cannot operate so as to affect title to land in another state. 55 Am.Jur.2d § 561. Similarly, an action to foreclose on land is subject to the law of the state in which the land is located, and correct venue is often the location of the property at issue. In Michigan, statutory law provides that "[t]he county in which the subject of the action ... is situated, is a proper county" in foreclosure actions. Mich.Comp.Laws Ann. § 600.1605(c) (West 1981).

■ With this background, it is clear that Michigan law controls the case before the Court. Thus, notwithstanding the Florida court's judgment for liability on the note and related foreclosure on the Florida property, we must determine whether the plaintiff may rightfully seek foreclosure of the Michigan property at this time. Both parties, in their briefs, discuss the applicability of Mich.Comp.Laws Ann. § 600.3105 to the present dispute. The relevant portions of this section provide as follows:

(1) **Foreclosure proceeding.** If a judgment has been obtained in any other civil action for the money, or part thereof, demanded in the complaint in an action to foreclose a mortgage on real estate or a land contract, no proceeding shall be had in the action to foreclose unless the Sheriff or other proper officer has returned an execution as unsatisfied, in whole or in part, and certified that he can find no property of the defendant out of which to satisfy the execution except the mortgaged premises.

(2) **Proceeding at law.** After a complaint has been filed to foreclose a mortgage on real estate or land contract, while it is pending, and after a judgment has been rendered upon it, no separate proceeding shall be had for the recovery of the debt secured by the mortgage, or any part of it, unless authorized by the court.

Plaintiff urges that this provision in no way prevents consecutive foreclosures on property involving the same debt, citing

*Steele v. Kent Circuit Judge*, 109 Mich. 647, 67 N.W. 963 (1896). Defendants argue that since the Florida suit on the note resulted in a judgment "for the money, or part thereof, demanded in the [plaintiff's] complaint," and that since an execution has not been returned unsatisfied, the plaintiff is premature in bringing this suit.

The Court has located one Michigan case interpreting the nearly identical predecessor to section 600.3105, *Stegeman v. Fraser*, 161 Mich. 35, 125 N.W. 769 (1910). *Stegeman* establishes that this section imposes "an affirmative duty ... upon a mortgagee who has secured a judgment" ... "to seek satisfaction out of the other property of the mortgagor" prior to attempting foreclosure. *Id.* at 38, 125 N.W. 769. In applying this, we can only conclude that the plaintiff has failed the statutory prerequisite to bringing this action. The fact that the Florida court allowed foreclosure on the Florida property immediately upon finding liability on the underlying note is irrelevant. Michigan apparently has a public policy against immediate foreclosure of mortgages, and allows defaulting mortgagors to attempt satisfaction of a debt through other means prior to foreclosure. Thus, this action must be dismissed until such time the plaintiff can establish that its judgment is not satisfied. This obviously cannot occur until the Florida court determines the amount of the judgment.

### III.

Based upon the foregoing, the defendants' motion to dismiss is **GRANTED,** without prejudice.

IT IS SO ORDERED.